## NELSON v. COOPER.

### (Circuit Court of Appeals, Fifth Circuit. May 14, 1901.)

#### No. 1,001.

**1. Limitations—Color of Title to Support Plea—Deed Naming no Grantee.**

A certified copy of the record of a deed which contains the name of no grantee, although a marginal entry by the clerk on such record gives the name of grantor and grantee, is inadmissible in evidence to show title or color of title from the government in a defendant claiming under subsequent conveyances not otherwise connected with the title of the patentee, to entitle such defendant to rely on the three-year limitation in Rev. St. Tex. 1895, arts. 3340, 3341; and in the absence of such connecting link the subsequent deeds are also inadmissible to support such plea of limitation.

**2. Same—Necessity of Pleading—Proving in Rebuttal.**

Where defendant in an action of trespass to try title, under a plea of not guilty, offered in evidence an outstanding title acquired by him pending the suit, plaintiff was entitled in rebuttal to introduce evidence to make out limitation in his favor as against such title under the five-year limitation of Rev. St. Tex. 1895, art. 3342, although he did not plead such statute.

In Error to the Circuit Court of the United States for the Northern District of Texas.

A. C. Prendergast, for plaintiff in error.

J. W. Davis, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. J. D. Cooper, the defendant in error, on February 2, 1900, brought this action of trespass to try title to land described in the petition against C. O. Nelson, Jr., the plaintiff in error. The essential averments in the petition were the formal ones prescribed by the statute. The defendant answered by plea to the jurisdiction, the plea of "not guilty," and a special plea of the three-year statute of limitations. The trial resulted in a verdict and judgment in favor of the plaintiff.

The defendant submits that the trial court erred in 14 particulars, set out in the assignment of errors. We do not find in any of these ground for a reversal of the judgment. The thirteenth and fourteenth specifications relate to the refusal of the trial judge to give a requested charge on the subject of the three-year limitation, and his refusal or failure to give any charge on that subject. To support the plea of the three-year statute of limitation it was necessary for the defendant to have shown title, or color of title, from the government to himself. Rev. St. Tex. 1895, arts. 3340 (3191), 3341 (3192). The land in controversy is embraced in a grant that was made by the government to William H. King on July 29, 1846. The defendant introduced the patent evidencing this grant. He then offered a certified copy of an instrument in writing in the form of a deed to land, perfect in every particular except that it named no grantee.

This paper was executed by W. H. King in the presence of two witnesses, and had been properly acknowledged and duly recorded in the deed records of the county which then embraced the land, in 1852. In the body of this writing there was no grantee named, but on the margin of the record, opposite the entry of this instrument, the clerk who made the record had written these words: "W. H. King to, J. R. Craddock." Objection to the introduction of this paper as a deed, on the ground that it named no grantee, was sustained by the court. Thereupon the defendant offered in evidence, for the purpose of supporting his plea of the three-year limitations, 13 other mesne conveyances from John R. Craddock, through successive grantees, to the defendant. This consecutive chain of conveyance to the defendant from Craddock includes the deed from C. A. Poulson to C. O. Nelson, the deed from C. O. Nelson to E. Hauke, and the deed from E. Hauke to the defendant,—the 3 deeds which had been introduced by the plaintiff to prove a common source of title. Each of these 13 instruments, when offered by the defendant as links in a chain to show title or color of title, was excluded by the court on the objection of the plaintiff that the instrument offered as a deed from W. H. King to J. R. Craddock had been excluded, showing a complete link lacking in this chain of title. This action of the trial court was manifestly correct. The defendant had shown no title or color of title from the government to himself, acquired prior to the institution of this action. There was, therefore, no basis to support the plea of the three-year statute of limitations, and the judge rightly refused the requested charge, and rightly refrained from giving, or refused to give, the jury any instruction on that issue, thus properly withdrawing it from the jury.

It was admitted by the parties that the patentee, W. H. King, died on January 8, 1861, and left as his only heirs his children, C. M. King and Mrs. M. E. Dumble. The defendant offered in evidence a deed from C. M. King to G. J. Gibbs, dated July 17, 1893, and duly recorded July 31, 1893, purporting on its face to be given in consideration of the sum of one dollar paid, and to bargain, sell, release, and forever quitclaim unto the grantee, his heirs and assigns, all the grantor's right, title, and interest in and to that certain tract or parcel of land lying in the county of Bosque and state of Texas, embracing the land in controversy, being described as 1,652 acres, more or less, of the William H. King survey, near the town of Clifton, being the same tract deeded by William H. King, deceased, to J. R. Craddock, on or about the 21st of April, 1852. The interest conveyed is the entire right, title, and interest in the said tract of land to which the grantor may be entitled as an heir at law of the said William H. King, deceased, and the deed recites that:

"This deed is made for the purpose of correcting an error in the deed from William H. King, deceased, to the said J. R. Craddock, which said deed is recorded in McLennan county. * * * The deed so recorded fails to show the name of the grantee, J. R. Craddock, and this conveyance is made for the purpose of correcting said omission, and to ratify and confirm the deed from the said William H. King, deceased, to said J. R. Craddock."

The defendant then introduced in evidence a deed from G. J. Gibbs to the defendant to the property in controversy, dated April 27, 1900. This was a quitclaim deed, and expressed a consideration of $10. In rebuttal the plaintiff was permitted to introduce in evidence, over the defendant's objection, for the purpose of making out limitation in the plaintiff's favor, the deed from C. A. Poulson to C. O. Nelson for the lots in controversy, dated March 31, 1886, properly acknowledged, and recorded in the deed records of Bosque county, Tex., on the same day. This deed had been admitted for another purpose. There was in evidence undisputed testimony that C. O. Nelson had occupied and used the land in controversy for more than five consecutive years next before the date of his sale to E. Hauke, and that he paid the taxes thereon each and every year from the time he purchased it from Poulson in 1886 until he sold it to Hauke. As applicable to this chain of title, acquired after the bringing of this suit, the defendant requested the court to charge the jury that:

"The chain of title introduced by defendant from the state of Texas down to him shows that he is the owner of an undivided one-half of the lots sued for, regardless of all other questions in this case, and you are therefore instructed to find for him an undivided one-half interest in the lots sued for, regardless of all other questions in this case."

This request was refused. C. O. Nelson having begun to hold the land in controversy on March 31, 1886, under a deed duly recorded on that day, and having continuously held the same thereunder from that date until November 7, 1895, and regularly paid the taxes thereon from the time he acquired it until he sold it to E. Hauke on November 7, 1895, had acquired a perfect title thereto under the statute of five years' limitation against C. M. King and G. J. Gibbs, or persons holding under either of them; thus making an effective break in the chain of title between the original patentee, William H. King, and the defendant, C. O. Nelson, Jr. Rev. St. Tex. 1895, art. 3342 (3193).

It is said in the tenth assignment of error that the plaintiff in the court below could not rely upon the statute of limitations in this case, because he had not pleaded the same. In the printed brief submitted for the plaintiff in error we find no reference to this tenth assignment, and we conclude that the learned counsel abandoned it. We therefore do not discuss the suggestion that, in the state of the pleadings in this case, the plaintiff could not rely upon the title acquired under the five-year limitation by C. O. Nelson to defeat the title subsequently acquired by the defendant below from G. J. Gibbs, further than to say that the unsoundness of this suggestion is shown by the following cases: Rivers v. Foote, 11 Tex. 671; Hannay v. Thompson, 14 Tex. 144; McSween v. Yett, 60 Tex. 183; Hines v. Lumpkin (Tex. Civ. App.) 47 S. W. 818. These material issues having been correctly resolved by the court in favor of the plaintiff below, there remained only the issue raised by the plea to the jurisdiction, and the issue between the parties as to the bona fides of the transactions between C. O. Nelson, E. Hauke, and C. O.

Nelson, Jr., in the respective transfers from Nelson to Hauke, and from Hauke to C. O. Nelson, Jr.

The eleventh error assigned is the refusal of the court to give a requested charge on the subject of jurisdiction. But the substance of the request was fully covered and more correctly expressed in the charge which the court on its own motion gave to the jury. The instructions on the issue as to the bona fides of the transactions between Nelson, Hauke, and C. O. Nelson, Jr., are not criticised in the assignment of errors, and we may assume that they were satisfactory to the defendant, as they are sound and sufficient. The judgment of the circuit court is affirmed.