### HAUKE v. COOPER.

(Circuit Court of Appeals, Fifth Circuit. May 14, 1901.)

#### No. 1,003.

RES JUDICATA—PERSONS CONCLUDED BY JUDGMENT—PERSON PROMOTING AND CONTROLLING ACTION.

A decree in a suit involving the title to land, sustaining the validity of a defendant's title, is conclusive on one who, although not nominally a party, was directly interested in the subject-matter, and by agreement controlled the suit on behalf of the adverse party through counsel employed by him, and, if successful, would have shared in the benefits of the decree; and the defendant is entitled to plead such decree as an estoppel against the plaintiff in a subsequent action brought to recover the same land by one to whom such person conveyed his interest after the decree was entered, the question of fact as to the interest in and control of the prior suit by plaintiff's grantor being one for the jury.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This action was instituted by J. D. Cooper, grantee of M. A. Cooper, to recover 258 acres of land situated in Bosque county, in the state of Texas. The common source of title was one C. O. Nelson, who was a merchant doing business in Clifton, Tex., and whose property was seized and sold at the suit of various creditors. The defendant, Hauke, acquired title at a sheriff's sale, made December 30, 1895, in the suit of Baer, Seasongood & Co. against C. O. Nelson, under a writ of attachment levied on the 1st day of December, 1893. M. A. Cooper acquired his title under a sale made by the sheriff, October 6, 1896, in the case of M. A. Cooper & Co. against C. O. Nelson, under a judgment foreclosing an attachment levied January 1, 1896. Both Hauke and Cooper received sheriff's deeds to the land in controversy, which were properly acknowledged and recorded. On January 20, 1900, M. A. Cooper sold and transferred the lands in controversy, warranting title against all persons claiming through or under himself only, to his brother, J. D. Cooper, the present plaintiff, which deed was duly filed for record and properly recorded. The real point of contest in this case is whether or not the deed to Hauke, which is prior in time and title, is void, because Hauke was only a substituted person for C. O. Nelson; the charge being that the purchase money was furnished by Nelson and the title was for him, and it being directly charged that the whole transaction by which Hauke became the purchaser was a conspiracy between Hauke and Nelson to hinder, de-

lay and defraud Nelson's creditors. In his first amended answer Hauke makes several defenses to the suit. First, he suggests a fraud upon the jurisdiction of the court by the simulated transfer of M. A. Cooper, a citizen of the state of Texas, to his brother, J. D. Cooper, a citizen of the state of North Carolina, in order that the present suit might be brought in the United States courts. He next demurs to the allegations in the plaintiff's petition, because not sufficiently specific, and because the allegations are contradictory and in the alternative. He then pleads the general issue, and follows that with pleas of the statutes of limitation of three and four years. On the trial before the court and jury, and to prove an estoppel against the plaintiff, the defendant introduced in evidence all the papers and record in the case of the J. S. Brown Hardware Company against Olaf Westgaard, C. O. Nelson, and E. Hauke, which was a case heard and tried in the district court of Bosque county, Tex., wherein, among other matters, was in issue the genuineness and validity of the sheriff's deed to the lands in controversy made to Hauke December 30, 1895, and wherein the said Hauke, party defendant, fully set up his title, and wherein, among others, the Provident National Bank of Waco intervened and attacked the title of said Hauke on the same grounds as it is attacked in the present case, and wherein, further, the court, after full hearing and a verdict by a jury, rendered a judgment declaring that the deed from the sheriff of Bosque county, Tex., to the defendant, E. Hauke, of date December 30, 1895, was not made for the purpose of hindering, delaying, or defrauding the creditors of the defendant C. O. Nelson, and that the plaintiff, the J. S. Brown Hardware Company, and the intervener, the Provident National Bank of Waco, trustee in bankruptcy of the estate of C. O. Nelson, take nothing as against the said Hauke by reason of the deed and note of Olaf Westgaard, read in evidence, and that the defendant E. Hauke is hereby declared to be the legal and equitable owner in fee simple of the land in controversy, and it is further decreed that all the deeds and notes read in evidence by the plaintiff and interveners constitute a cloud upon the title of the defendant E. Hauke, and that, so far as the said deeds and notes affect the title of the said Hauke, they are hereby canceled and held for naught, and the cloud so cast upon his title be, and the same is hereby, removed, and that the said Hauke recover from all the parties all costs, etc. The defendant, Hauke, then introduced evidence tending to show that M. A. Cooper, then claiming title to the lands in controversy, which title was only good in case the sheriff's deed to Hauke should be declared fraudulent, joined with the Provident National Bank of Waco in bringing, filing, and prosecuting the intervention in the name of said bank in the said suit of Brown Hardware Company against Olaf Westgaard, Hauke, and Nelson under a distinct agreement by which the counsel of the said M. A. Cooper should be employed and have charge of the litigation, and that the said M. A. Cooper should pay his share of counsel fees and expenses in the same, and should have a share of the proceeds, if successful, and that, in pursuance thereof, said counsel of M. A. Cooper filed the intervention in the name of said Provident National Bank and duly prosecuted the same to final judgment. On the submission of the case to the jury, the defendant requested the following: "The defendant moves the court to charge the jury on the question of res judicata as follows: The papers in the case of the J. S. Brown Hardware Company against O. Westgaard et al., which was in the district court of Bosque county, Texas, and all of which is in evidence before you, show that the title of said Westgaard to the land in controversy in this case was litigated and settled in said suit in favor of the defendant E. Hauke's title to said land, and said Westgaard's title was removed as a cloud on defendant E. Hauke's title. You are further charged that the plaintiff got nothing by the deed from Westgaard to him in evidence before you, and you will therefore find for the defendant as to said Westgaard title, and not consider the said Westgaard title, or any other evidence pertaining thereto, in arriving at your verdict herein. On this subject of the plaintiff's claim of title to the land in controversy from M. A. Cooper, you are further charged that there is evidence before you tending to show that said M. A. Cooper was interested in the said suit of the J. S. Brown Hardware Company against

O. Westgaard et al., and that, while he was not in name a party to said suit, he was in fact really interested therein, because of his claim to the said land in controversy. If you believe from the evidence that the said M. A. Cooper was interested in the said Brown Hardware Company case, and that because of his claim of title thereto, if the Provident National Bank, who was an intervener in said cause, had been successful therein, the said M. A Cooper would have been interested in said recovery because of his said claim of title, then he, or whatever claim of title he had thereto, would also be concluded by said litigation; and, if you so believe, you will find for the defendant, even though the said M. A. Cooper was not in name a party to said suit. In this connection you are further charged that a party can be interested in and bound by a suit, although his name is not used in connection therewith, if he knows of the suit, is interested therein, and contributes to the maintenance and support of the litigation; that if you believe, from the testimony, that said M. A. Cooper was interested in, knew of, and contributed to said litigation, then he would be bound thereby, and he could convey to the plaintiff herein no greater right than he himself had; and, if you so believe, you will find for the defendant." This requested charge was refused by the court, and, so far as the record shows, the trial judge did not instruct the jury in respect to the case of Brown Hardware Company against Olaf Westgaard et al., nor in relation to the connection of M. A. Cooper therewith.

A. C. Prendergast, for plaintiff in error.
J. W. Davis, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

After stating the facts as above, the opinion of the court was delivered by PARDEE, Circuit Judge.

"Neither the benefit of judgments on the one side, nor the obligations on the other, are limited exclusively to parties and their privies. Or, in other words, there is a numerous and important class of persons who, being neither parties upon the record nor acquirers of interests from those parties after the commencement of the suit, are nevertheless bound by the judgment. Prominent among these are persons on whose behalf and under whose direction the suit is prosecuted or defended in the name of some other person. As is illustrated by the case of trustee and cestui que trust, the real party in interest cannot escape the result of a suit conducted by him in the name of another. The fact that an action is prosecuted in the names of nominal parties cannot devest the case of its real character, but the issues made by the real parties, and the actual interests involved, must determine what persons are precluded from again agitating the question, and who are estopped by the previous decision. Whenever one has an interest in the prosecution or defense of an action, and he, in the advancement or protection of such interest, openly takes substantial control of such prosecution or defense, the judgment, when recovered therein, is conclusive for and against him to the same extent as if he were the nominal, as well as the real, party to the action." Section 174, Freem. Judgm.

Greenleaf, in his treatise on the Law of Evidence (volume 1, § 523), states the rule applicable to this class of cases thus:

"Under the term 'parties,' in this connection, the law includes all who are directly interested in the subject-matter and had a right to make defense or

to control the proceedings and to appeal from the judgment. This right involves, also, the right to adduce testimony and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause. But, to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term 'privity' denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is that they are identified with him in interest; and whenever this identity is found to exist all are alike concluded. Hence all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity."

The correctness of this statement has often been affirmed by this court (Lovejoy v. Murray, 3 Wall. 1, 19, 18 L. Ed. 129; Robbins v. City of Chicago, 4 Wall. 657, 673, 18 L. Ed. 427); and the principle has been recognized in many cases. Indeed, it is elementary. Hale v. Finch, 104 U. S. 261, 265, 26 L. Ed. 732; Brooklyn City & N. R. Co. v. National Bank of the Republic of New York, 102 U. S. 14, 22, 26 L. Ed. 61; Butterfield v. Smith, 101 U. S. 570, 25 L. Ed. 868; Litchfield v. Goodnow's Adm'r, 123 U. S. 549, 550, 551, 8 Sup. Ct. 210, 31 L. Ed. 199. In the suit of Brown Hardware Company against Westgaard et al., and particularly on the intervention of the Provident National Bank, the validity of Hauke's title to the land in controversy was directly in issue, and as there was evidence tending to show that M. A. Cooper was directly interested in the subject-matter presented in the intervention, and had by agreement control of the proceedings through counsel employed by himself, and had the right and opportunity to, and did, adduce testimony, and had the right to cross-examine witnesses adduced on the other side, and as J. D. Cooper, the plaintiff below, after said suit was concluded, derived his title from M. A. Cooper and was in privity with him in successive relationship to the same rights of property involved in said suit, we are of opinion that the question of estoppel, by reason of the judgment rendered in the case of Brown Hardware Company against Olaf Westgaard et al., was proper for the jury's consideration and should have been submitted under instructions substantially as requested.

The other matters contested in this case are in many respects the same as in Nelson v. Cooper (just decided by this court) 108 Fed. 919, and we refer to the opinion in that case for our views on the assignments of error not herein specifically dealt with. The judgment of the circuit court is reversed, and the cause is remanded, with instructions to grant a new trial.