## BUTTERFIELD v. SMITH.

An executor charged himself in the inventory of the estate of the testator with a note payable to the latter and secured by mortgage. His accounts were settled on that basis. An administrator with the will annexed subsequently brought suit to foreclose the mortgage. *Held,* 1. That the probate record showing the inventory and the order for distributing the assets of the testator is not conclusive evidence that the note has been paid. 2. That an executor's settlement when adjudicated binds only the parties thereto.

APPEAL from the Circuit Court of the United States for the District of Kansas.

This suit was brought, Oct. 26, 1877, by Mary A. Smith, administratrix *de bonis non*, with the will annexed, of the estate of Julius C. Wright, deceased, to foreclose a mortgage made by Daniel M. Adams and wife to secure a note for $5,000 to said Wright. The latter died in 1874. His will, by which he appointed George B. Wright his executor, was admitted to probate, and the executor qualified. In an inventory of the estate this note was included as part of the assets. In April, 1875, the executor made application to the court for a final settlement. In his accounts he charged himself with the full amount of the inventory, and after the allowance of the proper credits, a balance was found in his hands which was ordered to be distributed in a specified manner, according to the terms of the will, but a balance of $6,840.25, one share, was left in his hands with directions " to invest for Charles Wright, or pay the money pursuant to the will." The executor died in 1877. The complainant, shortly after her appointment

as such administratrix, commenced this suit, to which Adams and wife, and Oscar H. and Andrew J. Butterfield, with others, were made defendants. Adams and wife did not answer, but as to them the bill was taken as confessed. The Butterfields answered that they were the owners of the mortgaged property, and then, by way of defence to the mortgage, set up — 1, that they were informed and believed that the note and mortgage sued on were not the property of the estate of Julius C. Wright, but that the same were the property of Adams, the mortgagor, and were executed by him for the purpose of cheating and defrauding his creditors, and especially the appellants; and, 2, that the note sued on had been paid to George P. Wright, executor, " as appears by the inventory and his final settlement, copies of which are hereto attached, marked exhibits A and B." A decree was passed in favor of the complainant. The Butterfields then appealed to this court.

*Mr. Alfred Ennis* and *Mr. C. A. Sperry* for the appellants.

The settlement of the executor has the force and effect of a judgment. The only duty of the appellee was to see that the money was properly distributed pursuant to the order entered by the court when the settlement was made. The assets, including the note and mortgage in controversy, had been previously and fully administered. *Brown* v. *Brown*, 53 Barb. (N. Y.) 217; *Campbell* v. *Thacher*, 54 id. 382; *State* v. *Stephenson*, 12 Mo. 182; *Picot* v. *Biddle*, 35 id. 29; *Williams, Adm'r*, v. *Petticrew*, 62 id. 461; *Sheets et al.* v. *Kirtley*, id. 417; *Tate* v. *Norton*, 94 U. S. 746; *Musick* v. *Beebe*, 17 Kan. 47; *Singleton* v. *Garrett*, 23 Miss. 196; *Lambeth* v. *Elder*, 44 id. 81.

*Mr. G. C. Clemens, contra.*

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

No proof was put in on either side. The first defence, therefore, was clearly not sustained. Adams, the mortgagor, by not answering the bill, admitted the validity of the note, and the executor of the mortgagee, by charging himself with the note as part of the assets and settling his accounts on that basis, showed that he supposed the debt to be a valid one in the hands of the testator.

As to the second defence, it is claimed that the probate records attached as exhibits to the answer, showing the inventory and distribution, are conclusive evidence that the debt has been paid. Undoubtedly, final settlements of administrators and executors, when adjudicated, have the force and effect of judgments as between the parties to such settlements; but neither Adams nor these appellants were parties to this settlement, which concluded the executor and distributees, but no one else. Nothing is more common than for an executor or an administrator to charge himself with debts due the estate before they are collected, and thus expedite a final settlement. It would be dangerous to hold that, as between the executor or administrator and the debtor, such a settlement was conclusive evidence of the actual payment of the debt and the discharge of the debtor. The question presented by the answer is not whether the estate now owns the note secured by the mortgage, if it be still unpaid, but whether it has been paid.

*Decree affirmed.*