## JOHNSON v. RICHMOND BEACH IMP. CO.

(Circuit Court, D. Washington, N. D. August 31, 1894.)

MORTGAGE OF COMMUNITY PROPERTY—FORECLOSURE—JURISDICTION OF PARTIES —SUMMONS—SERVICE ON ABSENT WIFE.

A husband and wife removed from their community land, on which they had given a mortgage, to another state, where they separated. The wife remained out of the state, but the husband returned to the land. Afterwards there was a decree foreclosing the mortgage, and the return of the sheriff showed that service of the summons was made on the husband personally, and on the wife by delivering a copy to the husband at her usual place of abode. *Held*, that the court had jurisdiction of the parties, and such decree was binding on the wife.

This was an action by Maria E. Johnson against the Richmond Beach Improvement Company to redeem land sold on foreclosure of a mortgage. Heard on demurrer to the amended complaint. Demurrer sustained.

Strudwick & Peters, for complainant.

Burke, Shepard & Woods and Thomas B. Hardin, for defendant.

HANFORD, District Judge (orally). This case was argued and submitted on a demurrer to the amended complaint. This is a suit in equity by a woman to redeem from a mortgage certain real estate, the title to which was acquired by her husband while she and her husband were living together in this state, when it was a territory, and which, under the laws of the territory, became their community property. The mortgage was given for part of the purchase money. It appears by the bill of complaint that after the couple had taken possession of the land, and lived upon it for a time, and made some improvements upon it, they changed their residence and left the territory. After going away, they separated, and the husband returned; and when he was within the territory and had a residence here, default having been made in the payment of the amount secured by the mortgage, a foreclosure suit was brought in the district court of the third judicial district of Washington territory. This complainant and her husband were both named as defendants in that foreclosure suit. A summons was served on the husband personally. Service of the summons was made on this complainant by delivering a copy to the husband at her usual place of abode, as the sheriff certifies. Mrs. Johnson did not appear in the case, and a decree of foreclosure was entered, and the property sold. The time for redemption expired. The sale was confirmed, and a sheriff's deed was executed and delivered to the purchaser. Several years after the time for redemption had expired, this suit was brought in this court, by the complainant, to redeem the property from the mortgage, she tendering or offering to pay the full amount of the mortgage and interest. After the sale of the property, a divorce was granted in Dakota, at the suit of the husband. Plaintiff is now an unmarried woman. She claims that, by reason of her community interest in the property, she had a right to redeem; that she is not bound by the foreclosure decree, because the service of process was not a legal service, as the place at which the service was made was not her actual place of abode at that time.

On the face of the record, the service was regular and legal, and the court appeared to have acquired jurisdiction of all the parties defendant; and, to upset that judicial sale, it is necessary for the court to admit evidence aliunde to impeach the validity of the record of a court of general and superior jurisdiction. The court is not inclined to permit that to be done, unless the equity of the plaintiff is so strong, and her legal right to do this is so clear, as to admit of no doubt. All the people have an interest in preserving the verity of public records, and upholding titles acquired by judicial sales. It is subversive of justice to permit titles in which no defect can be discovered by an inspection of the record to be ripped up and invalidated by proceedings commenced long subsequent. It is my opinion that the sheriff's return of service, as to the fact of the place where service was made being the usual place of abode of the defendant, is not conclusive on the parties. That is a matter of which he cannot have such personal knowledge as to be able to give such evidence in his certificate that it ought to be regarded as conclusive; but I think the intent of the law is fulfilled when the

return of the sheriff is so far true that the place at which service was made upon an absent defendant is the legal place of abode; and that is the case here. The person to whom the papers were delivered for this complainant was her husband. He was the person to whom the title to this property had been conveyed, and in whose name it stood upon the record. He was vested by the law of Washington territory with the control and management of that community property. He had a right to represent, not only himself, but his wife and the community, in the management of that property; and parties having a lien upon the property, and a right to bring a foreclosure suit, could not be prevented from exercising that right by the absence of the wife from the territory, or her concealment, so that personal service could not be made on her. Now, the very best that could be done in compliance with the laws of Washington territory was to make the service on her at her place of abode. If she was not actually there, although there had been a disruption of the family, it was still, until a legal separation, her lawful place of abode, because a wife's legal home is with her husband. It is my opinion, therefore, that the service was lawful, and the court which rendered this decree had jurisdiction of the parties, and the decree is binding on both of them. It is my opinion, also, that the decree is binding upon this complainant, upon the principle that not only parties, but privies, are bound by the judgments of courts. This woman had no separate, independent title to this property; that is, no title independent of that of her husband. Whatever interest she had in this property was by virtue of being the wife of her husband, in whom the legal title vested. Her interest in the property is not by any public record made to appear. Therefore its existence can only be established by proof of her marriage. There is no other way in which she can connect herself with this title so as to establish any interest in it whatever. She is therefore claiming through her husband, and, as I have already recited, the husband was, under the community property laws, manager or trustee of this community property at the time the foreclosure suit was commenced and prosecuted. He was the representative of himself and the community and his wife. All the interests that were involved in that community title were represented by the husband, and whatever operated to divest him of the title divested him of that title which he held in his capacity as trustee, and carried with it all interests of whomsoever he was lawfully authorized to represent in that case.

In the case of Litchfield v. Goodnow's Adm'r, 123 U. S. 549–551, 8 Sup. Ct. 210, the supreme court states the rule applicable to this class of cases as follows:

"Under the term 'parties,' in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make a defense, or to control the proceedings, and to appeal from the judgment. This right involves, also, the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause. But, to give full effect to the principle by which parties are held bound by a judgment; all persons who are represented by the parties, and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term

'privity' denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest; and, whenever this identity is found to exist, all are alike concluded. Hence all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity. The correctness of this statement has been often affirmed by this court (Lovejoy v. Murray, 3 Wall. 1–19, and Robbins v. Chicago, 4 Wall. 657–673); and the principle has been recognized in many cases. Indeed, it is elementary. Hale v. Finch, 104 U. S. 261–265; Brooklyn City & N. R. Co. v. National Bank, 102 U. S. 14–22; Butterfield v. Smith, 101 U. S. 570."

See, also, Plumb v. Goodnow's Adm'r, 123 U. S. 560, 8 Sup. Ct. 216.

In the argument a good deal of stress was laid upon the point that the right of the complainant in this case became extinguished, and she is estopped by her own laches, and it is also contended that the suit is barred by the statute of limitations of this state. I disagree with counsel for the defendants as to both of these propositions. The time is something less than seven years from the date of the sheriff's deed until the bringing of this suit, which is less than the time allowed by the statute of limitations for bringing an action to recover real estate; and there is nothing on the face of the record to show me that there has been any such change in the state of the title, or the situation of the parties defendant, as to make it appear that they have been prejudiced by the delay. Now, where there is no prejudice by the delay, I am not willing to recognize any period less than the time allowed for instituting a suit for recovering real estate to bar a right in equity on the ground of laches. The statute of limitations of this state is not binding upon this court, as a court of equity; and, if it were, the period of time allowed by the statute has not run. The statute of limitations would not commence to run against the right to redeem until there had been an offer to redeem and a refusal, and, according to the bill of complaint, it is less than two years since the defendants in this case refused to consent to a redemption of the property from the mortgage.

The other points discussed on the oral argument are so interwoven and involved in the main questions as to the validity of the service, and the binding effect of the judgment of the district court, that it is unnecessary for me to make any remarks respecting the same. The demurrer to the bill is sustained.