## WHITNEY v. WENMAN et al.

### (Dictrict Court, S. D. New York. October, 1905.)

1. BANKRUPTCY—NATURE OF PROCEEDINGS IN ADMINISTRATION OF ESTATE— PERSONS BOUND.

    While an adjudication of bankruptcy in an involuntary proceeding is a judgment in rem, in the sense that it determines the status of the bankrupt, the ordinary proceedings taken in a bankruptcy proceeding are not proceedings in rem, and do not bind persons who are not parties thereto.

2. SAME—SUIT BY TRUSTEE—RES JUDICATA.

    An order of a court of bankruptcy, passing the accounts of receivers of a bankrupt estate in which they have credited themselves with property surrendered to third persons who claimed the same, is not an adjudication of the right of such persons to the property, nor of the question of their liability therefor to the trustee of the bankrupt estate. which will bar a suit by him to recover the same.

3. WAREHOUSEMEN—WAREHOUSE RECEIPTS—RIGHTS OF BONA FIDE TRANS-FEREE.

    Warehouse receipts are only quasi negotiable instruments, and the fact that a person takes a transfer of them in good faith gives him no right to the property on which they purport to be issued as against the real owner, if it was not in fact in the custody or possession of the warehousemen when the receipts were issued.

4. BANKRUPTCY—SUIT BY TRUSTEE—ESTOPPEL.

    The fact that a trustee in bankruptcy consented to an order discharging receivers of the estate does not estop him from maintaining a suit against third persons to recover for property transferred to them by such receivers.

In Bankruptcy. Suit by a trustee in bankruptcy to follow goods and moneys alleged to have been improperly turned over by the receivers of the same bankrupt estate, before the appointment of the trustee, to the defendants. See Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157.

Robert D. Murray, for complainant.

Louis F. Doyle, for defendants Wenman, Fish and Boldt.

Smith & Barker (Edwin B. Smith, of counsel), for defendant Security Warehousing Co.

HOLT, District Judge. The second plea of the Security Warehousing Company and the third plea of the defendants Wenman, Fish, and Boldt, although worded differently, are substantially identical. They allege as a bar to the maintenance of the action that the receivers of Dresser & Co. filed accounts, in which they credited themselves with the transfers of property and money to the defendants which this suit is brought to recover; that objections were filed to such credits by the trustee, and the objections litigated before the referee;

and that afterwards an order was entered, by consent of the complainant, passing the receivers' accounts as filed. This order is pleaded as an adjudication which is a bar to the maintenance of this suit. But it is not alleged in the plea that any of the defendants were parties to the accounting. There is no reason why they should have been. They had ceased to be creditors. Their debts had been satisfied by the transfers of property and money which this suit is brought to recover. As they were not creditors, they were not represented upon the accounting by the trustee. Moreover, even if they had been parties, I cannot see how the order passing the receivers' accounts could determine any question as between the complainant and the defendants. The litigation upon such an accounting is between the receivers and each of the persons interested in the estate. There is no opportunity, in such a proceeding, to litigate questions between the persons interested in the estate, other than the receivers. No adjudication could have been had in the receivers' accounting that the defendants were or were not liable to the complainant on the cause of action asserted in this suit; and therefore I cannot see how any adjudication that was had in that proceeding has any relevancy as a bar to this action. A judgment, to be res adjudicata, must have been rendered in an action or proceeding in which the question involved was litigated or could have been litigated. The general rule is that a judgment is only res adjudicata as to parties and privies.

It is claimed by the defendants' counsel that the order passing the receivers' accounts was a judgment in rem. The counsel asserts that proceedings in bankruptcy are proceedings in rem, and that probate proceedings are proceedings in rem, and that a receiver's accounting is analogous to an executor's accounting. But in the first place the term "a judgment in rem" is one which has various meanings. As Judge Holmes says, in Tyler v. Court of Registration, 175 Mass. 76, 55 N. E. 814, 51 L. R. A. 433: "No phrase has been more misused." An adjudication of bankruptcy upon a petition in an involuntary proceeding is a judgment in rem, in the sense that it determines the status of the bankrupt; but the ordinary proceedings taken in a bankruptcy proceeding to decide questions arising in it are not, as I understand it, proceedings in rem. A proceeding, for instance, to determine a disputed claim, would not bind anybody except the parties to it. So a decree admitting or refusing to admit a will to probate is a proceeding in rem, so far as it determines the status of the will, but all the proceedings in the administration of an estate in the Surrogate's Court which result in orders are not proceedings in rem. A decree passing an executor's accounts, for instance, is of no effect against parties not cited. Butterfield v. Smith, 101 U. S. 570, 25 L. Ed. 868; Hood v. Hood, 19 Hun, 300, on appeal 85 N. Y. 561; Black on Judgments, § 644. Many judgments which are sometimes called judgments in rem, but which are more properly described as being quasi in rem, bind only the parties, such as judgments on attachments or in foreclosure. Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372; Black on Judgments, § 793; Freeman on Judgments, § 617. I think therefore that the proceeding to pass

the receivers' accounts was not a proceeding in rem, and that the order entered upon it was not binding upon the defendants. If that is so, it was not binding upon the complainant, for estoppels by judgment must be mutual. Suppose the complainant, instead of objecting to the items in the receivers' accounts, had brought a separate action against the receivers to recover the value of the money and property which they delivered to the defendants. Would a judgment recovered in such an action be conclusive either for or against the defendants in this action? Suppose that the receivers' accounting had resulted in an order charging them personally with the accounts transferred to the defendants. Could the complainant claim that that order would be conclusive upon the defendants? If not, I think that the defendants cannot claim that the order is conclusive upon the complainant.

The second plea filed by the defendants Wenman, Fish, and Boldt alleges, in substance, that the Security Warehousing Company had the actual possession of the goods, and issued against the goods the warehouse receipts mentioned in the plea; that the trust company took the warehouse receipts as collateral security for notes given for loans; that thereafter the notes and warehouse receipts were transferred to the defendants Wenman, Fish, and Boldt for value and in good faith, without notice; and that the proceeds of the sale of the goods and accounts were thereafter received by them as part of the property pledged to them, in good faith, and without notice. The question whether the warehouse company was, in fact, in the actual possession of the goods is a main question in the case, depending upon a consideration of all the circumstances, and, in my opinion, and as I have already held, on granting a motion to strike out the first plea, cannot be properly raised by a plea. The question can only be adequately litigated upon an answer. The simple question whether these defendants are bona fide holders of the warehouse receipts, without notice, is, in my opinion, immaterial. If the warehouse company had no possession of the goods, its receipts issued upon them were nullities as against the real owners of the goods. Warehouse receipts are only quasi negotiable securities, and the fact that a person takes a transfer of them in good faith gives him no right over the property on which they purport to be issued, if it was not, in fact, in the custody or possession of the warehouseman when the receipts were issued.

It is suggested by the counsel for the defendants Wenman, Fish, and Boldt that the complainant had two securities for his claim, the receivers' liability and the defendants' liability; that the defendants, having taken the warehouse receipts in good faith, had an equity to have the complainant proceed first against the receivers, and I understand the counsel to therefore claim that the complainant, having consented to an order discharging the receivers, cannot now proceed against the defendants. But this is not a case of principal and surety or of co-sureties. If the complainant recovers in this case, the defendants will have no claim for reimbursement against the receivers. They would probably have a claim against the bankrupt estate, but

140 F.—61

only as general creditors. The relation of the defendants and the receivers, assuming the facts alleged in the bill, is simply that of persons each of whom is separately liable on a claim based on the same transaction. In such a case neither party has any right to demand that the other party be sued first.

My conclusion is that all the pleas should be overruled.