MOREDOCK et al. v. MOREDOCK et al.

(Circuit Court, W. D. Pennsylvania. March 16, 1910.)

No. 2.

1. EQUITY (§ 163*)—PLEA—GROUNDS—PRIOR ADJUDICATION.

A plea setting up a prior adjudication of the same matters between the same parties is a good plea in equity.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 163.*]

2. WILLS (§ 501*)—CONSTRUCTION—"FAMILY."

The will of a testator made a bequest to a son for certain specific purposes, and provided that the balance, if any, and the son's share of the residuary estate, should be held in trust for the benefit of the son and "his family." *Held* that, unaided by the context, the words "his family" should be construed as "his children."

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1069; Dec. Dig. § 501.*

For other definitions, see Words and Phrases, vol. 3, pp. 2673-2691; vol. 8, p. 7661.]

3. JUDGMENT (§ 690*)—PERSONS CONCLUDED.

A will made a bequest in trust for the benefit of a son of the testator and "his family." Some years later the son filed a petition in a court of competent jurisdiction, and obtained a rule on the trustee for an accounting. After a hearing on the answer of the trustee stating his account of the fund, the rule was discharged. *Held*, that the adjudication was binding on the son, but not upon his children, who constituted "his family," and who were not in privity with him, since they did not claim through or under him by any mutual or successive relationship to the same rights but independently of him, and that it was not a bar to a subsequent suit by them against the trustee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1213; Dec. Dig. § 690.*]

In Equity. Suit by Samuel Moredock and others against Steven A. Moredock and George B. Moredock, executors of the will of George Hicey Moredock, deceased. On plea. Overruled.

Charles F. C. Arensberg, for plaintiffs.

Thos. S. Crago and W. A. Hook, for defendants.

YOUNG, District Judge. This case was set down for argument upon the plea of the defendants setting up the judgment of a court of competent jurisdiction as being res adjudicata of the matters alleged in the bill of complaint. It is alleged in the bill of complaint that the plaintiffs are citizens of states other than Pennsylvania, and that the defendants are citizens of Pennsylvania and residents of this district, and that the amount involved exceeds the sum of $2,000.

It is further alleged in said bill, as follows:

"Third. And your orators further show that the said George Hicey Moredock, late of Jefferson, Greene county, Pa., as aforesaid, duly made and published his last will and testament in writing, bearing date on or about the third (3d) day of August, 1905, and appointed Steven A. Moredock and George B. Moredock, defendants above named, executors of his last will and testament as in and by the said will or the probate thereof (to which the plaintiffs crave leave to refer), when produced to this honorable court, will appear, and that the said George Hicey Moredock died on or about the twenty-third (23d)

day of May, 1907, and that the executors named in the will soon after the death of the said testator duly proved the said will in the proper court, and undertook the executorship thereof, and had issued to them letters testamentary on the estate of the said George Hicey Moredock, deceased, and have since possessed themselves of the personal estate and effects of the said testator, and have continued to hold them.

"Fourth. And your orators further show that Samuel Moredock, one of the plaintiffs, is the son of George Moredock, deceased, late of Jefferson, Greene county, and before his decease a citizen of the state of Pennsylvania. Said George Moredock, deceased, died on or about the fifteenth (15th) day of November, 1881, leaving a will dated on or about the twelfth (12th) day of November, 1881. The said will was duly proved on or about the third (3d) day of December, 1881, in the proper court, and on or about the same day letters testamentary were granted to Daniel Moredock and George Hicey Moredock, executors named in the said will.

"Fifth. And your orators further show that the twelfth (12th) provision of the said will of the said George Moredock, deceased, as in and by the said will or the probate thereof (to which the plaintiffs crave to refer) when produced to this honorable court will appear, was as follows: '12. To my son George Hicey Moredock I give and bequeath the sum of One Thousand Dollars, in trust for my son Samuel out of which he will pay any money for which my sons, Daniel, James, George H. and William Reynolds will be liable for as surety of Samuel and will have to pay after deducting the pro rata amount, from which the proceeds of his assignment for the benefit of his creditors, and the balance of said One Thousand Dollars if any and Samuel's share if any residuary fund, to be held by said George H. Moredock in trust for the sole and separate use of my son Samuel and his family and not to be liable in any manner by attachments or otherwise for his debts, now or hereafter to be contracted. The interest on said balance to be paid to him, or to amount of the principal as said trustee shall in his judgment deem necessary, leaving that to his own discretion.'

"Sixth. And your orators further show that the thirteenth (13th) provision of the said will of the said George Moredock, deceased, was, in part, as in and by the said will or the probate thereof when produced will appear, as follows: 'The residue of my estate, real, personal and mixed, after payment of debts, expenses and the foregoing legacies and devises is to be divided among the foregoing legatees and devisees in proportion to the sum given or devised to them especially Samuel's share in trust and John's share subject to the payment of the guardian money and expenses paid by George Hicey Moredock, as aforesaid.'

"Seventh. And your orators further show that the said George Hicey Moredock, deceased (whose executors the above named defendants are), was the said George Hicey Moredock named in the said will of George Moredock, deceased, and, pursuant to the said provisions contained in the will, he took possession of the said sum or fund of one thousand ($1000.00) dollars bequeathed to him in trust as aforesaid, and the further sum or fund (the amount of which your orators are ignorant) bequeathed to him in trust as aforesaid arising from the distribution of the residuary estate, purporting to take the same under and for the purposes of the trust.

"Eighth. And your orators further show upon information and belief that the said George Hicey Moredock, trustee as aforesaid, did not pay out any portion of the said $1,000 (nor under the terms of the trust was he required to pay out any portion of the said sum of $1,000) to pay any money for which the sons of the testator were liable for as surety of Samuel, and had to pay after deducting the pro rata amount distributed from the proceeds of the assignment for the benefit of creditors, made by your orator, Samuel Moredock.

"Ninth. And your orators further show that your orator Nancy J. Moredock is the wife of your orator Samuel Moredock, and as such resides with him and is a member of his family, and that your orators William H. Moredock, Olive B. Moredock, Nana Moredock, and Sydna Moredock and Mary R. Gillogly (a widow) are all children of the said Samuel Moredock and members of the said Samuel Moredock's family, residing with him, and that your orator George

R. Moredock is a son of the said Samuel Moredock and a member of his family, residing at another place as hereinbefore set forth.

"Tenth. And your orators further show that the said George Hicey Moredock, trustee as aforesaid, never during his lifetime paid any money from the said trust fund or the interest thereon for the sole and separate use of your orator Samuel Moredock and of his family, which is composed of your other orators, nor did the said George Hicey Moredock at any time during his lifetime render unto your orator Samuel Moredock any true and complete account whatsoever of his trust under the will of the said decedent as aforesaid, or render unto your other orators any account whatsoever of his trust under the will of the said decedent, as aforesaid, although requested so to do. * * *

"Twelfth. And your orators believe, and are informed, that upon the death of the said George Hicey Moredock the said trust fund or sum of money which was so held or should have been so held in trust as aforesaid passed into the hands of the above-named defendants as executors of the said decedent, and that the sum of money or trust fund is now in their hands.

"Thirteenth. And your orators further believe, and are informed, that, upon the death of the said George Hicey Moredock, it became the duty of the said Steven A. Moredock and George B. Moredock, executors of the said deceased trustee, to render a full, accurate, and complete account unto your orators of the said trust, as conducted and administered by the said George Hicey Moredock during his lifetime, and to pay over unto your orator Samuel Moredock the said trust fund or sum of money for the sole and separate use of the said Samuel Moredock, and of his family, which consists solely of your other orators."

The bill prays, first, for a writ of subpœna and that the defendants answer not under oath; second, that Steven A. Moredock and George B. Moredock, executors of said George Hicey Moredock, deceased, be ordered, directed, and decreed to render a full, accurate, and complete account unto your orators of said trust arising by and under the will of George Moredock, deceased, and the conduct and administration thereof during the lifetime of the said George Hicey Moredock, deceased, setting forth the amounts received under the said will of George Moredock, deceased, and when and in what amounts the interest on such trust fund was added to the principal thereof, and any and all other matters connected therewith; third, that the said Steven A. Moredock and George B. Moredock, executors as aforesaid, be ordered, directed, and decreed to pay over the said trust fund in the amount so found due and owing "to your orator Samuel Moredock on such terms and upon such conditions as shall seem right and proper to this honorable court, to protect and conserve the interest of your other orators in and to the said trust fund"; fourth, for general relief.

To the bill the defendants have pleaded in bar of said proceedings as follows:

"First. That on October 24, 1885, George Hicey Moredock, deceased, filed in the orphans' court of Greene county, Pa., a final account as executor of George Moredock, deceased, which account was never made the subject of exceptions by any of the above-named plaintiffs.

"Second. That at No. 39 June term, 1897, in the orphans' court of Greene county, Pa., Samuel Moredock, plaintiff above named, caused a citation to issue on the executor of George Moredock, deceased, and in his petition to the judges of said court asking for said citation he set forth the fact of the filing of the final account as aforesaid, and recited the different items in the will of George Moredock, deceased, referring to the distribution of the estate of the said George Moredock, deceased, and praying the court that the said George H. Moredock be required to file an account of his trust showing the amount of money belonging to him, the said Samuel Moredock, or held in trust for him

under the will of his father, George Moredock. That the issue and service of the said citation was waived by the said George H. Moredock on August 18, 1897, and that on October 4, 1897, George H. Moredock filed his answer to the petition for the citation as aforesaid, and on February 14, 1898, the rule for the said citation granted as aforesaid was discharged by the judge of the orphans' court of Greene county at the cost of the petitioner, which petition, rule, waiver of service, answer of George H. Moredock and decree of the court is a matter of record in the orphans' court of Greene county, Pa., at No. 39 June term, 1897, orphans' court Docket No. 17, p. 343, a copy of said petition, order of court, waiver of service, docket entries of answer of George H. Moredock, and the order discharging said rule at the costs of the petitioner are attached hereto and made a part of this demurrer, and marked 'Exhibit A,' a copy of the answer of the said George H. Moredock being hereto attached and made part of this proceeding, and marked 'Exhibit B.' The certificate of the clerk of the orphans' court of Greene county, Pa., that said exhibits are true and correct transcripts of the record of the proceeding at No. 39 June court, 1897, being hereto attached, and marked 'Exhibit C.'

"Third. That the proceeding at No. 39 June court, 1897, in the orphans' court of Greene county, Pa., having embraced the same matters complained of in the bill as filed in this present case, and the answer of George H. Moredock filed in that proceeding being a complete answer to all the allegations of plaintiffs therein, and this matter having been carried on to a final determination by the orphans' court of Greene county, Pa., the same would be a full, complete, and final adjudication of the matter at bar, and the plaintiffs named in the bill filed in this case would have no standing in this court, the said Samuel Moredock never having appealed from the decree of the orphans' court of Greene county, Pa., entered February 14, 1898.

"Wherefore your orators pray that the bill filed in this case may be dismissed at the costs of the plaintiffs, and that the demurrer or plea as filed in this case by your orators be sustained."

As the plaintiffs have not replied to this plea or taken issue upon it, but have set the same down for argument on the ground that the said plea does not furnish any sufficient defense to the bill, the plaintiffs have thereby admitted the truth of the facts pleaded therein. The whole case turns therefore on the sufficiency of this plea.

The principle is well settled that, if the same matters alleged in a bill of complaint have been adjudicated between the same parties or their privies, that judgment may be pleaded in bar. The principle is briefly and forcibly stated in Fayerweather v. Ritch, 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193, by Mr. Justice Brewer:

"Private right and public welfare unite in demanding that a question once adjudicated by a court of competent jurisdiction shall, except in direct proceedings to review, be considered as finally settled and conclusive upon the parties."

That it is a good plea in equity is beyond question. Daniel's Chancery (6th Am. Ed.) 662. The bill in this case sets up a record and judgment of the orphans' court of the county of Greene in the state of Pennsylvania. It is unquestioned that this was a court of competent jurisdiction. The statutes and decisions of the courts of Pennsylvania establish this.

The only question remaining for our consideration is whether upon inspection the record pleaded shows a final adjudication upon the merits of the matters now set up in the bill of complaint between the same parties. The petition and answer and copy of the docket entries attached to the bill may be considered by us in determining those questions. The petition filed by Samuel Moredock, one of the orators, is as follows:

"That he is the son of George Moredock, late of Jefferson township, said state and county, who died testate on the 15th day of November, 1881, and whose will dated the 12th day of November, 1881, was probated on the 3d day of December, 1881, Will Book, No. 5, p. 325, on December 3, 1881, and the same day letters testamentary were granted to Daniel Moredock and George H. Moredock, his executors named in the will.

"That the said executors filed a final account of their trust to October court, 1895, on October 14, 1895, and which said account was confirmed absolutely, wherein they stated a balance of ten thousand, seven hundred, forty-six and 46/100 dollars ($10,746.46) was in their hands for distribution among the heirs and legatees of said decedent.

"That item 12 of the will of said decedent is as follows: '12. To my son, George Hicey Moredock I give and bequeath the sum of One Thousand Dollars, in trust for my son Samuel out of which he will pay any money for which my sons Daniel, James, George H. and William Reynolds will be liable for as surety of Samuel, and will have to pay after deducting the pro rata amount from which the proceeds of his assignment for the benefit of his creditors, and the balance of said One Thousand Dollars if any and Samuel's share if any residuary fund, to be held by said George H. Moredock in trust for the sole and separate use of my son Samuel and his family, and not to be liable in any manner by attachment or otherwise, for his debts, now or hereafter to be contracted. The interest on said balance to be paid to him, or to amount of the principal as said trustee shall in his judgment deem necessary, leaving that to his own discretion.'

"That the will aforesaid contains the following residuary clause: 'The residue of my estate, real, personal and mixed, after payment of debts, expenses and the foregoing legacies and devises is to be divided among the foregoing legatees and devisees in proportion to the sum given or devised to them especially Samuel's share in trust and John's share subject to the payment of the guardian money and expenses and paid by George H. Moredock as aforesaid.'

"That your petitioner has never been paid anything on account of said legacy or interest in the residuary estate of his father by the said George H. Moredock as trustee, or executor, or any one for him, and that the said George H. Moredock has never rendered to your petitioner any account whatever of his trust under the will of said decedent; that your petitioner believes that he is entitled to a fund, or the interest on a fund, amounting to quite a large sum under the will of his father, and for which he has no means of knowing the amount thereof.

"Your petitioner therefore prays the court that the said George H. Moredock, one of the executors of George Moredock, and trustee for petitioner, under the will of said George Moredock, be required to file an account of his trust showing the amount of money belonging to your petitioner or held in trust for him in his hands, and that a citation be issued by this court to the said George H. Moredock to that effect."

That petition was filed, and upon that petition the court made the following order:

"And now, August 16, 1897, upon consideration of the foregoing petition, it is ordered and directed that a citation issue to George H. Moredock, trustee under the will of George Moredock, commanding him to state an account of his trust as trustee of Samuel Moredock, on or before September 18, 1897, and file the same in the office of the register of wills of this county, or show cause why the same should not be filed."

Upon August 18, 1897, George H. Moredock waived the issue and service of a citation in the matter, and upon October 4, 1897, filed the following answer:

"That the statements in the first paragraph of said citation are true as he remembers them. As to the second paragraph he answers as follows: That

the entire receipts of the whole estate of George Moredock, deceased, was $15,208.60, of which $4,462.14 was applied by said executors to the payment of debts and expenses of settlement of said estate, leaving a balance of $10,746.46 to be distributed among the heirs and legatees, and, while the docket shows there was a balance on final account, that was the balance of both the partial and final accounts, and the docket entries show that the entire amount of said sum was paid out to the parties entitled thereto, and that these receipts show that a part of this balance was paid out to the heirs before the settlement of the final account. As to the twelfth paragraph of the will of said deceased and the fourth paragraph of said citation, your respondent also answers that they are true as he remembers them. Your respondent further answers, and says: The reason that no money has been paid out of the estate of George Moredock, deceased, by his executors to Samuel Moredock, was that the legacy left by said deceased to G. H. Moredock as trustee to Samuel Moredock to pay the amount of money paid by Daniel Moredock, James Moredock, William K. Reynolds, and your respondent, as bail for Samuel Moredock, including Samuel's share in the residuary fund of the estate of said deceased, was not sufficient to pay the debts of said Samuel Moredock for which Daniel Moredock, James Moredock, William K. Reynolds, and your respondent were bail, and that there was due and coming from the said Samuel Moredock to Daniel, James, and George H. Moredock and William K. Reynolds upon the settlement of the estate of George Moredock a certain sum of money which is yet due and unpaid, which amounts to $373.80. The amount of money paid by Daniel Moredock for Samuel was $542.28, by William K. Reynolds, $30.35, by James Moredock, $389.57, and the amount paid by your respondent was $520.26, aggregating the sum of $1,482.46. The amount received by your respondent as trustee of the legacy and of the residuary fund coming to the said Samuel Moredock, deceased, amounted to $1,108.66, leaving a deficit as aforesaid of $373.80 coming to Daniel, James, and Hicey Moredock and William K. Reynolds. Your respondent further says that the reason there was no account filed by him as trustee of Samuel Moredock was that there was not sufficient money coming his hands as trustee of the said Samuel Moredock including the share of residuary fund from the estate of George Moredock, deceased, to pay the of Samuel Moredock to Daniel Moredock, James Moredock, William K. Reynolds, and your respondent to the amount of $373.80, and therefore no funds pay the costs of filing the account of your respondent as trustee of Samuel Moredock. Your respondent further answers, and says that he has receipts, copies of which are hereto attached, for the amounts of money paid as aforesaid to Daniel, James, and Hicey Moredock and William K. Reynolds, amounting to $1,108.66, leaving a deficit of $373.80 of the amount paid by said parties for Samuel Moredock, which amount was $1,482.46, showing that every dollar received by him as trustee was again paid out, leaving not a penny as a compensation for his services. Further, the method of the settlement of the trust fund in his hands as aforesaid among the creditors of Samuel Moredock was advised and conducted by C. A. Black, Esq., deceased, as his counsel. The whole amount of the legacies under the will of George Moredock, deceased, was $9,700, which, taken from the balance of $10,746.46, leaves a residuary fund of $1,046.46, and Samuel's share of this residuary fund was $108.66, which with the legacy bequeathed to your respondent in trust for him by the aforesaid will, said legacy being $1,000, makes the $1,108.66 received as said trust fund, and every dollar of which was applied by me to the payment of his debts as directed by said will.

"Therefore your respondent prays that the citation issued in this matter be dismissed at the costs of the petitioner, and he will ever pray," etc.

### "Copy of Receipts.

"Dec. 15, 1883.

"Received of G. H. Moredock one hundred eighty-seven and $^{95}/_{100}$ dollars on the amount of money that is in his hands to be paid to my losses on Samuel Moredock's estate.

"$187.95. 　　　　　　　　　　　　　　James Moredock."

"April 1, 1885.

"Received of G. H. Moredock one hundred and six and $50/100$ dollars, on the amount of money in his hands to be paid to my losses on Samuel Moredock's estate.

"$106.50.                                James Moredock."

"May 29, 1886.

"Received of G. H. Moredock four and $17/100$ dollars on the money in his hands to be paid to my losses on Samuel Moredock's estate.

"$4.17.                                James Moredock."

"Dec. 15, 1883.

"Received of G. H. Moredock two hundred sixty-three and $9/100$ dollars on the amount in his hands to pay on my losses on Samuel Moredock's estate.

"$263.09.                               Daniel Moredock."

"April 1, 1885.

"Received of G. H. Moredock one hundred forty-nine and $7/100$ dollars on the amount in his hands to be paid on my losses on Samuel Moredock's estate.

"$149.07.                               Daniel Moredock."

"May 29, 1886.

"Received of G. H. Moredock five and $83/100$ dollars on the amount in his hands to be paid on my losses on Samuel Moredock's estate.

"$5.83.                                Daniel Moredock."

"April 4, 1885.

"Received of G. H. Moredock eight and $30/100$ dollars on the amount in his hands to be paid on my losses on Samuel Moredock's estate.

"$8.30.                                W. K. Reynolds."

"Received of G. H. Moredock fourteen and $64/100$ dollars on the amount in his hands to be paid on my losses on Samuel Moredock's estate.

"$14.64.                               W. K. Reynolds."

"May 29, 1886.

"Received of G. H. Moredock $30/100$ dollars on the money in his hands to be paid on my losses on Samuel Moredock's estate.

"$.30.                                Wm. K. Reynolds."

"April 1, 1885.

"Received of G. H. Moredock one hundred forty-two and $23/100$ dollars of money held in trust by him to be paid to G. H. Moredock, James Moredock, Daniel Moredock and W. K. Reynolds.             G. H. Moredock."

"Dec. 1, 1883.

"Received of G. H. Moredock two hundred twenty and $2/100$ dollars of money in my hands held in trust to be paid to G. H. Moredock, James Moredock, Daniel Moredock and W. K. Reynolds.

"$220.02.                               G. H. Moredock."

"May 29, 1886.

"Received of G. H. Moredock five and $83/100$ dollars of money held in trust by him to be paid to G. H. Moredock, James Moredock, Daniel Moredock and W. K. Reynolds.

"$5.83.                                G. H. Moredock."

Thereupon the court made the following order:

"And now, February 14, 1898, rule discharged at the costs of the petitioner."

Were the matters set up in the petition and answer in the orphans' court of Greene county finally adjudged upon their merits by that court? The prayer of the petition was for a citation to compel George Hicey Moredock, as executor under the will of George Moredock, and as trustee for Samuel Moredock, to file an account of his trust showing the amount of money belonging to the petitioner or

held in trust for him in his hands. The answer to this petition, sworn to and filed by George Hicey Moredock, the respondent, contains a complete account of his conduct as executor under the will of George Moredock in his relation to the trust created for Samuel Moredock, the petitioner; and sets out a complete account for the purpose of showing that no moneys came into his hands for the purpose of the trust created under the will for Samuel Moredock, the petitioner. As the answer to the petition was not replied to, nor any question raised as to the truth of the facts alleged in it, the facts alleged would be taken by the court under any system of pleading as admitted.

It will be noted that the prayer of the petition was that the respondent, one of the executors of George Moredock and trustee for the petitioner under the will of said George Moredock, be required to file an account showing the amount of money belonging to your petitioner and held in trust for him in his hands, so that the court had before it everything necessary to decide the case upon its merits, whether involving the consideration of the will to determine what sort of a trust was created and its qualities, what sums of money should go into it and from what source, and what sums of money were in the hands or should be in the hands of George Hicey Moredock as executor, which should be part of the trust estate, and, in fine, every question relating to the creation and conduct of the trust. And these questions the court necessarily disposed of by making the order of February 14, 1898. That order reads: "And now, February 14, 1898, rule discharged at the costs of the petitioner." Here was an adjudication under the pleadings upon the merits of every question arising under the will in relation to the trust, so far as Samuel Moredock is concerned.

A comparison of the bill of complaint in the case at bar with the petition and answer in the record pleaded shows conclusively that the identical matters now sought to be litigated by the present bill were sought to be litigated, adjudged, and disposed of by the proceedings set out in the plea.

The further question, however, arises whether or not, inasmuch as the present bill includes as plaintiffs certain persons alleged to be members of the family of Samuel Moredock, the proceedings set out in the plea are conclusive as to them. The bill alleges in the thirteenth paragraph that it was the duty of the defendants, as executors of George Hicey Moredock, to render a full and complete account to the orators of the said trust as conducted and administered by the said George Hicey Moredock during his lifetime, and to pay over unto Samuel Moredock the said trust fund or sum of money for the sole and separate use of the said Samuel Moredock, and of his family, which consists solely of the other orators. It appears from the second and third prayers that the defendants are required to account to the orators for the conduct and administration of the trust by George Hicey Moredock, and to pay over the trust fund in the amount so found to be due and owing to Samuel Moredock, upon such terms and upon such conditions as shall seem right and proper to the court to protect and conserve the interests of your other orators in and to the said trust fund. It will thus be seen that the bill is filed for the pur-

pose of compelling an account and the payment over of the amount found to be due by such account to Samuel Moredock and the other plaintiffs.

Assuming then that the bill of complaint is filed for the purpose of having the rights of the other plaintiffs outside of Samuel Moredock determined, they not having been named as parties in the proceedings in the orphans' court, are they precluded as privies of Samuel Moredock by the former adjudication? This must be determined by interpreting the language of the will. The words of the will are:

"To my son George Hicey Moredock I give and bequeath the sum of One Thousand Dollars, in trust for my son Samuel, out of which he will pay, * * * and the balance of said One Thousand Dollars if any and Samuel's share if any residuary fund, to be held by said George H. Moredock in trust for the sole and separate use of my son Samuel and his family and not to be liable in any manner by attachments or otherwise for his debts, now or hereafter to be contracted. The interest on said balance to be paid to him, or to amount of the principal as said trustee shall in his judgment deem necessary, leaving that to his own discretion.

"The residue of my estate, real, personal and mixed, after payment of debts, expenses and the foregoing legacies and devises is to be divided among the foregoing legatees and devisees in proportion to the sum given or devised to them especially Samuel's share in trust and John's share subject to the payment of the guardian money and expenses paid by George Hicey Moredock, as aforesaid."

The contention turns upon the construction to be put upon the term "his family," as used in the sentence, "to be held by said George Hicey Moredock in trust for the sole and separate use of my son Samuel and his family." The word "family" in its common and primary meaning, as defined by lexicographers, is that collective body of persons who form one household, under one head or manager, including children and servants. Webster's Dictionary; Century Dictionary. And it has also been given that meaning by the law decisions of some of the states (Wood v. Wood, 63 Conn. 324, 28 Atl. 520; Hart v. Goldsmith, 51 Conn. 479; Spencer v. Spencer, 11 Paige [N. Y.] 159; Bradlee v. Andrews, 137 Mass. 50) and also by some federal courts (Poor v. Hudson Ins. Co. [C. C.] 2 Fed. 432). In a bequest or devise for one and his family it has been held that the word "family," prima facie, means children. Raynolds v. Hanna (C. C.) 55 Fed. 783, where Mr. Justice Jackson, then circuit judge for the Sixth circuit, in an exhaustive opinion holds that the primary meaning of "family" is children under the will then under consideration, but, as it is further said:

"Its proper interpretation in each case must depend upon and be determined by the context of the will, the circumstances in which the testator is placed, and the character and situation of those who may be presumed to be objects of his bounty. Story, Eq. Jur. §§ 1065b, 1071, and cases cited. In Pigg v. Clarke, 3 Ch. Div. 672, it was said by the Master of the Rolls that 'every word which has more than one meaning has a primary meaning, and, if it has a primary meaning, you want a context to find another. What, then, is the primary meaning of "family"? It is "children." That is clear upon the authorities which have been cited, and, independently of them, I should have come to the same conclusion.'"

"The word 'family' admits of a still greater variety of applications. It may mean a man's household, consisting of himself, his wife, children and servants. It may mean his wife and children, or his children, excluding his wife; or, in the absence of wife and children, it may mean his brothers and sisters

or next of kin, or it may mean the genealogical stock from which he may have sprung." Story's Eq. Jur. § 1065b.

"In respect to certainty in the description of objects or persons in such recommendatory trusts, it may be proper to state that it is not indispensable that the persons should be described by their names. But more general descriptions will often amount to a sufficient designation of the persons to take, such, for example, as 'sons,' 'children,' 'family,' and 'relations,' if the context fixes the particular persons who are to take clearly and definitely. Thus a devise to the family of A. will often be a sufficient designation, and may be construed to mean the heir at law of A., or the children of A. or even the relations of A., according to the context. And, on the other hand, the language may be loosely and indeterminately used as not to amount to a clear designation of any persons, and thus the recommendation may fail to create a trust."

Finding the expression "his family" in this will, unaided by the context, we conclude that the meaning of "his family" is "his children." The devise in this will, then, as interpreted by us, was a devise in trust for Samuel Moredock and his children. The children do not take through Samuel Moredock, their father, but independently of him. To some extent their interest may be regarded as adverse to his. If this will be interpreted as meaning that the trust was for Samuel alone, because the words "his family" are too indefinite and uncertain to sustain a trust, his interest would be adverse because it would be to Samuel's interest to have it so interpreted. The children, therefore, were not in privity with their father, Samuel Moredock.

Mr. Chief Justice Waite, in Litchfield v. Goodnow, 123 U. S. 549, 550, 8 Sup. Ct. 210, 211, 31 L. Ed. 199, laid down the rule by which we are to determine what privity means. He says:

"Greenleaf, in his Treatise on the Law of Evidence (volume 1, § 523), states the rule applicable to this class of cases thus: 'Under the term "parties," in this connection, the law includes all who are directly interested in the subject-matter, and had a right to make defense, or to control the proceedings, and to appeal from the judgment. This right also involves the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as strangers to the cause. But to give full effect to the principle by which parties are held bound by a judgment all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term "privity" denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest; and, whenever this identity is found to exist, all are alike concluded. Hence all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity.' The correctness of this statement has been often affirmed by this court (Lovejoy v. Murray, 3 Wall. 1, 19 [18 L. Ed. 129]; Robbins v. Chicago City, 4 Wall. 657, 673 [18 L. Ed. 427]), and the principle has been recognized in many cases. Indeed, it is elementary. Hale v. Finch, 104 U. S. 261, 265 [26 L. Ed. 732]; Railroad Company v. National Bank, 102 U. S. 14, 22 [26 L. Ed. 61]; Butterfield v. Smith, 101 U. S. 570 [25 L. Ed. 868]."

Measured by this rule, then, their interests were not a "mutual or successive relationship to the same rights of property," nor were they "identified with him in interest." They were not made parties to the proceeding now set up in bar. They had no notice of that proceeding so far as the record shows. As we have seen, they were not in privity with him and he could not represent them in the litigation.

We therefore conclude that, while Samuel Moredock might have been concluded by the proceedings in the orphans' court of Greene county, the remaining plaintiffs are not bound by that proceeding. Wherefore the plea is overruled, and the defendants ordered to answer within 30 days.