# LITCHFIELD v. GOODNOW'S ADMINISTRATOR.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

Argued November 1, 1887. — Decided December 5, 1887.

*Stryker* v. *Goodnow, ante*, 527, applied as to the effect of *Wolcott* v. *Des Moines Co.*, 5 Wall. 681.

The plaintiff in error's intestate was not a party to *Homestead Company* v. *Valley Railroad*, nor in privity with those who were parties, and was not bound by the proceedings; and, as estoppels to be good must be mutual, the Homestead Company and its assignees were not bound.

This was a suit to recover taxes paid under circumstances which are set forth in *Stryker* v. *Goodnow, ante*, 527. The cause was argued with *Stryker* v. *Goodnow*. The case is stated in the opinion of the court.

*Mr. C. H. Gatch* for plaintiff in error. *Mr. William Connor* was with him on the brief.

*Mr. George Crane* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

This suit was brought by Edward K. Goodnow, assignee of the Iowa Homestead Company, in his lifetime, against Grace H. Litchfield, in her lifetime, to recover the amount of taxes for the years 1864 to 1871, both inclusive, paid by the Homestead Company on certain tracts of Des Moines River lands held and owned by her, by and through conveyances from the Des Moines Navigation and Railroad Company. For a general statement of the facts reference is made to *Stryker* v. *Crane, ante*, 527. The taxes were paid before the decree in *Homestead*

*Company* v. *Valley Railroad*, 17 Wall. 153, and the assignment was made to Goodnow afterwards. As defences to the action, the prior adjudication in that case was pleaded in bar, and also the statute of limitations based on the decision as to title in *Wolcott* v. *Des Moines Company*, 5 Wall. 681, the same as in *Stryker* v. *Crane*.

Both these defences were overruled by the Supreme Court of the State, and judgment was entered in that court for the amount of taxes paid and interest. *Goodnow* v. *Litchfield*, 63 Iowa, 275.

As to the Federal question arising on the statute of limitations, it is only necessary to refer to what was said on that subject in *Stryker* v. *Crane*, *ante*, 527. There was no error in the decision of the court below on that point.

The defence of prior adjudication is disposed of by the fact that Mrs. Litchfield was not a party to the suit in which the adjudication relied on was had. At the time of the commencement of the suit she was the owner of her lands, and they were described in the bill, but neither she nor any one who represented her title was named as a defendant. She interested herself in securing a favorable decision of the questions involved as far as they were applicable to her own interests, and paid part of the expenses; but there was nothing to bind her by the decision. If it had been adverse to her interest, no decree could have been entered against her personally either for the lands or the taxes. Her lands were entirely separate and distinct from those of the actual parties. A decree in favor of or against them and their title was in no legal sense a decree in favor of or against her. She was indirectly interested in the result, but not directly. As the questions affecting her own title and her own liability for taxes were similar to those involved in the suit, the decision could be used as a judicial precedent in a proceeding against her, but not as a judgment binding on her and conclusive as to her rights. Her rights were similar to, but not identical with, those of the persons who were actually parties to the litigation.

Greenleaf, in his Treatise on the Law of Evidence, Vol. I, § 523, states the rule applicable to this class of cases thus:

"Under the term *parties*, in this connection, the law includes all who are directly interested in the subject matter, and had a right to make defence, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as *strangers* to the cause. But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term *privity* denotes mutual or successive relationship to the same rights of property. The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is, that they are identified with him in interest; and whenever this identity is found to exist, all are alike concluded. Hence, all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity." The correctness of this statement has been often affirmed by this court: *Lovejoy* v. *Murray*, 3 Wall. 1, 19; *Robbins* v. *Chicago City*, 4 Wall. 657, 673; and the principle has been recognized in many cases. Indeed, it is elementary. *Hale* v. *Finch*, 104 U. S. 261, 265; *Railroad Company* v. *National Bank*, 102 U. S. 14, 22; *Butterfield* v. *Smith*, 101 U. S. 570.

In the condition of parties to the record during the whole course of the litigation between the Homestead Company and those who were named as defendants, Mrs. Litchfield had no right to make a defence in her own name, neither could she control the proceedings, nor appeal from the decree. She could not in her own right adduce testimony or cross-examine witnesses. Neither was she identified in interest with any one who was a party. She owned her lands; the parties to the suit owned theirs; her rights were all separate and distinct from the rest, and there was no mutual or successive relationship between her and the other owners. She was neither a party to the suit, nor in privity with those who were parties;

consequently she was in law a stranger to the proceedings and in no way bound thereby. As she was not bound, the Homestead Company and its assigns were not. Estoppels to be good must be mutual. This was in effect the decision of the court below, and it was right.

It follows that there is no error in the record, and

*The judgment is affirmed.*