RIGGLE v. JANSS INV. CORPORATION et al.

No. 8279.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1937.

Potter & Potter, of Los Angeles, Cal., for appellants.

Gibson, Dunn & Crutcher and H. F. Prince, all of Los Angeles, Cal. (Keith Bullitt and Robert F. Schwarz, both of Los Angeles, Cal., of counsel), for appellees.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This appeal challenges a decree rescinding certain agreements for sale and purchase of a lot and erection of a building thereon; cross-appeal for allowing interest on payments made by complainants for a stated period.

The complainant sought rescission of certain agreements of sale and purchase of a lot, and the construction of a building thereon according to plans and specifications, and execution of promissory note secured by first deed of trust on the real estate for a part of construction costs; charging false representations on sale of the lot and failure to construct the building in accordance with the contract, plans, and specifications, setting out the omissions, changes, etc., and also prays recovery for money expended in pursuance of the contract with interest paid on money secured by second deed of trust on same lot and cancellation of notes, and trust deeds to secure payment of said notes and for damages sustained; that the notes and deeds of trust be declared of no validity and canceled; that agreements be rescinded; that if the notes and deeds of trust cannot be delivered and canceled, that the complainant have judgment against the defendant for amount prayed.

The Janss Investment Corporation denies the charges of omission and commission made by the complainant and alleges that in all things the conditions imposed by the agreements were fully performed, and as a separate defense states that prior to bringing this action, plaintiff began an action in the state court for rescission of the agreements, "which action was removed to the District Court and was dismissed by the complainants," and that such judgment is a bar to this action.

The Janss Realty & Finance Company denies that it has any information with relation to the allegations contained in the complaint, except corporate entity which is admitted.

The Westwood Mortgage & Investment Corporation pleads full compliance with the construction contract and estoppel by reason of the representation of "entire satisfaction on her part" and that defendant lost control of the property and opportunity to sell the same, and that complainant should now be estopped for claiming otherwise and pleads former adjudication by reason of dismissal of the suit, supra.

The court found that on June 20, 1931, plaintiff agreed to buy from the appellee Janss Investment Corporation the lot in issue and that plaintiff agreed that a building to cost not to exceed $21,000 would be at once erected, if a loan of $15,000 on a first trust deed was obtained; that the full purchase price for the lot was paid before August 12, 1931, and a deed conveying clear title obtained by complainant; and that about August 12, 1931, a promissory note for $15,000 and a deed of trust was executed to the Janss Investment Corporation on the lot, and on the same day a contract was made, at the solicitation of the Janss Investment Corporation with the Westwood Mortgage & Investment Corporation, to build a building on the lot for

$21,660 according to plans and specifications of an architect employed by the said mortgage company's representative; that all alterations, if any, were to be made only on the owner's written request, material, and workmanship to be first class; that on September 12, 1931, plaintiff paid to the mortgage company $15,000, the proceeds of the note and trust deed, and $6,600 cash, the balance of the full contract price for construction of the building; that on April 12, 1932, the contractor claimed to have completed the building and it was turned over to the complainant.

That the complainant, "a woman, without advice, no experience in business, or in legal matters, and having just received a substantial sum of money," was seen by an agent of the defendant corporation whom she had known, that this agent represented to her that if she would finance the project "the Janss Investment Corporation" would see to it that the building was built so as to bring her an income of 13 per cent. to 15 per cent. per annum on the $21,000; that the corporation well knew the rental value of such building and that it would readily rent for a gross rental of $650 per month; that plaintiff was not in good health and contemplated a trip to the Orient; and that this agent represented that while she was away these corporations would take charge of and look after the building so as to produce the profit that she expected. She left shortly thereafter and all matters having to do with the building were left with defendant corporations.

That prior to bringing this action the complainant had brought an action in the state court which was removed on petition to the District Court and was thereafter dismissed by the complainant.

The court also found that the rental value of the building was much less than the amount represented and that the defendant corporations failed to perform the conditions of the contract setting out specifically many items of change and failure, "and that by reason of the wilful and intentional violation and breach of * * * terms and conditions * * * of said agreement * * * there has been a failure of consideration with respect to the payment of $6,300.00 * * * $6,600.00, and the execution of said note and Deed of Trust securing the same for $15,000.00, and of the note of $788.10, and Deed of Trust securing the same, and that in equity and good conscience the promissory note and said Deed of Trust securing the same

should not be left * * * outstanding"; and found that deviation from the contract plans amounted to substantial and willful deviation from the terms of the contract, and that the contract was not substantially performed, and that none of the changes in plans and specifications and alterations were agreed to by plaintiff; that the building was not wholly constructed on the land purchased and owned by the complainant but did encroach upon the adjoining lot.

That the complainant did as soon as she ascertained the inferior materials used and the faulty construction, and the encroachment of the building on the adjacent lot, proceed under the provisions of the Civil Code of California, §§ 1689, 1691; St. 1872, c. 1070, for rescission of the agreements of purchase and construction, and served "notice of rescission of her said agreements for purchase of said lot and construction and erection of said building and demanded the cancellation of her said notes and Deeds of Trust, or the return to her of the moneys paid to the said defendants * * * together with interest * * *; that the defendants refused to rescind and contended against the same, and that the defendant and cross-complainants have not and are not now ready or willing to perform all obligations or provisions of said agreements required by it to be performed."

The court appointed a special master to take an accounting to which the complainant objected. The special master made his report, and after considering the same, the court found that complainant paid the following sums during 1931: June 7th on account of lot purchase $1,000, July 1st, same $5,300, September 4th on account of building $6,600, October 3d, escrow charges, $128.09, a total of $13,088.09; that the interest on the several amounts from date of payment to March 23, 1936, according to the rule enunciated by California Supreme Court in Lozier v. Janss Investment Company, 1 Cal.(2d) 666, 669, 36 P.(2d) 620, $4,239.33, or a total of $17,327.42, and charged plaintiff with rents collected, $11,733.85 credited by insurance, taxes, interest, etc., $5,305.09, or net receipts of $6,428.76, and deducted this amount from the $17,327.42, leaving a balance in favor of the plaintiff of $10,898.66; that in addition to the balance of $10,898.66, plaintiff is entitled to interest upon the respective payments as aforesaid from March 23, 1936, to and including the date

of entry of decree at the rate of 7 .per cent. per annum; and that the rents collected by the plaintiff from April 10, 1932, to January 18, 1934, the date of notice of rescission, $5,151.05, and the disbursement made by the plaintiff during same period for all purposes amounted to $3,641.05.

That on or about April 27, 1933, plaintiff delivered to the Janss Investment Corporation a benefit certificate in California Security Loan Association as additional security for the payment of the promissory note of $788.10, secured by the second trust deed on the property described; that the Janss Investment Corporation changed the said certificate into the form of a passbook with the Pasadena Loan & Mortgage Company; that neither the certificate or the passbook had been returned to plaintiff; that the value of said certificate on date of delivery to the said defendant was $882; that plaintiff has been in the continuous possession of said property and now does receive and retains rentals and pays the expenses of maintenance thereof. The special master in his report says that the plaintiff has supervised the maintenance and upkeep of the property and "personally attended to collection of rents and various disbursements from April 10, 1932, until March 23, 1936, or approximately 47½ months; that the time required and expended by her in connection therein amounted to approximately two days a week."

That the plaintiff testified that the reasonable value for the services rendered and time expended by her was $40 per month; no other evidence was introduced by either party.

The special master made no recommendation for payment of said services, and no allowance was made by the court, nor was it referred to by the court.

The court decreed a rescission and cancellation of the agreements for purchase, the option agreement, and the agreement for construction of the building, the promissory notes for $15,000, and $788.10, and the deeds of trust securing each, the deposit of the certificate of the California Security Loan Association as collateral security to the note for $788.10, or for the return of said passbook, or in lieu thereof the sum of $788.10, in addition to the other amounts of money for which plaintiff is awarded judgment, and upon the payment of the foregoing or delivery of said certificate or passbook, and the payment of the sum of $10,898.66 with interest from and after March 23, 1936, to and including date of entry of decree herein to her by the defendants, shall convey to the defendants the tract of land in issue; that the notes, deeds of trust be of "no further validity, force or effect"; that there shall be deducted from the certain amounts rents received by plaintiff subsequent to March 23, 1936, less the necessary expenses that may be paid by the plaintiff in maintaining certain premises subsequent to March 23, 1936, and the amount of the judgment shall be diminished in the amount of said net earnings, and if the necessary expenses exceed the gross rentals, then the amount of the judgment in favor of the plaintiff shall be increased in the amount of excess of said necessary expenses of said gross rentals, also decreed that cross-complainants take nothing; that plaintiff have her costs necessarily expended amounting to $233.99; that no defendant or cross-complainant is entitled to any costs.

Eight errors are claimed by plaintiff: (1) Auditing and accounting by special master; (2) failure to decree cancellation of notes and deeds of trust, and entering judgment for $6,600, the cash paid from cost of the building; (3) that the conclusions and decree are not supported by the evidence; that upon payment of $10,898.66 and interest from March 23, 1936, to date of decree, less net. rentals received from building during said time conveyance shall be made to defendants by plaintiff; (4) error in ordering accounting after rescission then being accomplished; (6) erred in not allowing plaintiff $40 per month for handling business of the apartments; (7) in not entering judgment for $15,502.85, the date of the accomplished rescission.

The cross-complainant claimed eight errors: (1) Which include interest from date of payment to date of rescission; (2) requiring payment of any sum in excess of payment made and interest from date of rescission, January 26, 1934; (4), (5), (6), (7), (8), raised the same questions in different form and language.

That the defendant companies, Janss Investment Corporation, and Westwood Mortgage & Investment Corporation, and the Janss Realty Company, were the alter ego each for the other is agreed in the briefs and at bar by all parties, except the plaintiff contends that as to the purchase of the lot the Janss Investment Corporation acted as a separate and distinct

entity through the Janss Realty Company its agent; that the purchase was fully completed July 1, 1931, when the full consideration was paid, and that the building contract was a separate and distinct arrangement and had no relation or concern with the Westwood Mortgage & Investment Corporation so far as plaintiff is concerned until brought in by the Janss Investment Corporation as contractor for building August 12, 1931, and plans, etc., prepared by an architect for the defendant companies and approved by the plaintiff, and September 14th, when the $6,600 was paid together with the $15,000 secured by first deed of trust to the Janss Investment Corporation.

From the findings and the record, there is no doubt of the confederation of the defendant corporate entities, and the architect employed of said defendants to do what was done in the faulty construction of this building, and to take advantage of the plaintiff who had reposed trust and confidence in the said contractor and gave it supervision and control in said construction, during her absence in the Orient, to carry out the plans and specifications to the pecuniary advantage of said contractor who did knowingly and intentionally deviate from said plans and specifications, and did make substantial changes to the detriment of said building.

From the findings of the trial judge, it appears that there was a studied effort by the defendants to operate to the great disadvantage of the plaintiff by deviations set out in detail, and in violation of the terms of the contract as well as of the ordinances of the City of Los Angeles in the construction of such building.

 Estoppel was not pressed in this court and has no support in fact. Jones v. Howard, 3 Allen (Mass.) 223. There is no act of plaintiff pleaded or shown that inspired conduct of the defendants to their disadvantage. Compare George v. Tate, 102 U.S. 564, 26 L.Ed. 232; Daniels v. Tearney, 102 U.S. 415, 26 L.Ed. 187; Litchfield v. Goodnow, 123 U.S. 549, 8 S.Ct. 210, 31 L.Ed. 199; Stone v. Bank of Commerce, 174 U.S. 412, 19 S.Ct. 747, 43 L.Ed. 1028. Nor has the claim of former adjudication merit, Craig v. United States (C.C.A.) 81 F.(2d) 816.

The case presented in this court does not in theory differ from that presented and considered in the trial court. The contention of the appellees is unfounded. Opportunity was invited for defense in the trial court and opportunity afforded to defend on the theory here objected to.

The construction placed upon the pleadings by all parties has varied. The prayer in the original complaint was not definite, but included rescission of all agreements; the first amended complaint tended more towards the present contention of the plaintiff. The amendment to the amended complaint did still more definitely assert the plaintiff's present theory. Plaintiff's claimed error No. 4 is, however, asserted on accomplished rescission—exchange to former rights. Each party appears to have spread a net to catch all or any kind of fish. The defendants did not fully adopt their present theory until on this appeal. The theory upon which the case was disposed of was the theory of the trial court. This theory we believe to be right.

 The agreement between the parties was one agreement consisting of several parts: (1) Purchase of the lot; (2) construction of building; (3) execution of promissory notes and deeds of trust. The fact that the first part, title to the lot, was conveyed a few days before the contract of the construction of the building was entered into is upon the record immaterial; the relation of the "option agreement," promissory notes, and the trust deeds, and the building contract are all required to express the completed agreement and all must stand or fall together. In the case of Perry v. Quackenbush, 105 Cal. 299, 38 P. 740, the basis of plaintiff's contention is distinguished, because the defendants in that case at no time had an interest in the lot; the basis for the promissory note and the trust deed was the agreement to build a specified building. This was not done. The consideration for the trust deed failed, and the court upon the issue before it decreed cancellation of the promissory note and deed of trust. The court could do nothing else. To decree conveyance of the lot upon that record would have taken plaintiff's lot without due process. In that case there were only two steps: (1) The agreement to build, and (2) the trust deed to secure the payment for the building. Not so in this case. The several steps here may not be segregated and the only thing that equity and good conscience can do is to equalize the equities as nearly as may be done and by decree place the parties as near as may be in the original status. This was plaintiff's opinion when rescission was made pursuant to the Cali-

fornia Code, and until the amendment to the amended complaint was filed, and was emphasized when error No. 4 is claimed, plaintiff's charged errors (1), (2), (3), (4), (5), and (7), are not sustained. To restore the parties to their original status, each must receive what they parted with.

The plaintiff is entitled to the money which she paid together with interest upon the money from the date of payment, together with compensation for services which she reasonably and necessarily performed to conserve the property and produce the highest income capabilities; and the certificate which she delivered as consideration for payment of interest upon the note secured by the first trust deed of which cancellation was decreed by the trial court, and if this certificate cannot be returned, then its value at the time it was delivered, $822.

None of the errors assigned by the cross-complainants are sustained for the reason appearing in what is said herein.

The trial court properly adjusted the payments and interest as between the parties, and this adjustment is affirmed. Plaintiff's assigned error No. 8 is sustained. The certificate delivered to the defendant having been converted into a different security cannot be returned, and the plaintiff should be paid its value at the time of delivery, $822. Error (6) is sustained and the plaintiff adjudged the reasonable value for her services in conserving the property and securing highest income reasonably possible. The only testimony as to that value is the testimony of the plaintiff. This is uncontradicted and must be assumed to be the reasonable compensation for the services performed by the plaintiff in the renting and collection of the rental of the apartments, and the general supervision during the period covered by the findings of the special master. "The laborer is worthy of his hire." The court judicially knows in the absence of evidence, showing special reason otherwise, that there is responsibility resting upon a party who has charge of the property such as in issue in looking after tenants, rentals, and all of the incidentals necessary in properly administering such an estate. The decree of the trial court is affirmed, except the promissory notes should be returned as a further condition of conveyance, and that it is reversed as to the return of the certificate of the California Loan Association of $822, and of the item for services in caring for and handling the business of said apart-

ment building. The course of dealing being fraudulent, equity is blind as to these items, and cannot see any right to these claims in the respondent. Compare United States v. Pan-American Petroleum Co. (C. C.A.) 55 F.(2d) 753, at page 766. No fresh water can be taken from a salt well —nor can pure water be taken from a polluted stream.

The case is remanded to the District Court, with instructions to modify the decree, and require return of the promissory notes as a further condition of the conveyance by plaintiff; and award additional judgment in favor of the plaintiff against the defendants for $822 with legal interest from date of delivery of said certificate; and also award judgment for caring for the property for the time so employed; and award interest to plaintiff on the money judgments provided in the decree from date of said decree; and require an accounting for rents and expenses in caring for said building as herein directed, and in the decree provided.