**BROWN, Administrator, Office of Price Administration, v. WRIGHT et al.**

**No. 5099.**

Circuit Court of Appeals, Fourth Circuit.

Aug. 11, 1943.

Abraham Glasser, Sp. Appellate Atty., Office of Price Administration, of Washington, D. C. (George J. Burke, General Counsel, Thomas I. Emerson, Associate Gen. Counsel, Fleming James, Jr., Chief, Litigation Branch, David London, Chief, Appellate Section, and Harry L. Shniderman, Atty., all of Washington, D. C., and Wilbur Y. Armstrong, Acting Chief Attorney, Office of Price Administration, of Wheeling, W. Va., on the brief), for appellant.

Lester C. Hess, of Wheeling, W. Va., and Martin Brown, of Moundsville, W.Va. (G. Alan Garden and Howard D. Matthews, both of Wheeling, W.Va., on the brief), for appellees.

Before PARKER, DOBIE and NORTH-COTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a suit instituted in the United States District Court for the Northern District of West Virginia to enjoin violation of Maximum Rent Regulation No. 53, issued pursuant to the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix § 901 et seq., and the prosecution of eviction proceedings alleged to be in violation of the act. The plaintiff is the Administrator of the Office of Price Administration and the defendants are Rosa M. Wright, plaintiff in an eviction proceeding instituted against Frank and Mary Berger in the Circuit Court of Wetzel County, West Virginia, Martin Brown, her attorney in that proceeding, and the Sheriff of Wetzel County. The court below dismissed the suit on the grounds that the Administrator had intervened in the eviction proceeding and was bound by the judgment therein and that section 265 of the Judicial Code, 28 U.S.C.A. § 379, forbids the granting of an injunction to stay the eviction proceedings in the state court. The Administrator has appealed.

Rosa M. Wright instituted the state court proceeding for the eviction of the Bergers on January 11, 1943. The complaint in the present action alleges that she had not given to the Bergers nor to the Area Rent Office the notice required by Maximum Rent Regulation No. 53, sec. 1388.286(d) (1) and (2), applicable in the Wheeling-Steubenville Defense Rental Area where the property was situate, and that she was attempting to collect by legal action rents for the use and occupancy of property higher than the maximum rents provided for by the maximum rent regulation. The provisions of the Maximum Rent Regulation relating to notice are as follows:

"(d) (1) Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the Area Rent Office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations, by court process or otherwise, unless, at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the Area Rent Office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession.

"Where the ground for removal or eviction of a tenant is non-payment of rent, every notice under this paragraph (d) (1) shall state the rent for the housing accommodations, the amount of rent due and the rental period or periods for which such rent is due. The provisions of this paragraph (d) (1) shall not apply where a certificate has been issued by the Administrator pursuant to the provisions of paragraph (b) of this section.

"(2) At the time of commencing any action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the Area Rent Office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

The eviction proceeding in the state court came on for trial on January 25, 1943. The tenants, by demurrer, motion to quash and special plea, raised the question of the landlord's failure to give the re-

quired notice to them and the Administrator. The question was decided against the tenants and a trial was had on a plea of the general issue, which resulted in a judgment that the landlord recover the possession of the premises involved.

At the trial of the eviction proceedings in the state court, counsel representing the Area Rental Office of the O. P. A. came into court and requested that the cause be continued to give him time to prepare and file with the court a brief bearing upon the provisions of the maximum rent regulation and their constitutionality; but this request was denied by the court and counsel thereupon withdrew. There is some controversy as to the character of this appearance; but it is asserted in the affidavit of one Ball, counsel for the Bergers, that the appearance of O. P. A. counsel was as amicus curiae, and there is nothing to the contrary in any of the affidavits or other papers filed with the court below. There was no order making the Administrator a party to the cause and nothing to indicate that he defended it for the tenants, who were represented by counsel of their own employment.

On January 26th, the day following the unsuccessful application to the state court for leave to file brief amicus curiae and the entry of judgment for the landlord, the Administrator filed this suit to enjoin the landlord from further proceedings in violation of the rent control act and the regulations promulgated thereunder. As stated above, the suit was dismissed on the ground that the Administrator was bound by the judgment in the state court proceedings and that, in addition, section 265 of the Judicial Code forbade an injunction to stay those proceedings. We do not think that either ground can be sustained.

■ It is perfectly clear that any appearance made by counsel for the O. P. A. in the state court was nothing more than a request to be allowed to appear amicus curiae, which was denied. The Administrator was not named as a party to that suit and did not ask to intervene as a party. All that counsel asked was that he be allowed time to file a brief for the consideration of the court in deciding the question before it. When this was denied, no further action was taken; and it is clear that a request to be allowed to file a brief amicus curiae and the denial of such request could not have the effect of making one a party to a suit so as to be bound by the judgment

therein. Even if counsel had been allowed to file the brief and had filed it, the Administrator would not have been bound by the judgment; for the appearance of counsel would have been an appearance amicus curiae and not an appearance in behalf of a party. Stryker v. Crane, 123 U.S. 527, 8 S.Ct. 203, 31 L.Ed. 194; Pendleton v. Russell, 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574; Chase Nat. Bank v. City of Norwalk, 291 U.S. 431, 440, 54 S.Ct. 475, 78 L.Ed. 894; Brown-Crummer Inv. Co. v. Paulter, 10 Cir., 70 F.2d 184, 186; Garland Co. v. Filmer, D.C., 1 F.Supp. 8, 13; A.L.I. Restatement, Judgments, § 79, p. 359; 3 C.J.S., Amicus Curiae, § 3, p. 1049.

■ Even if counsel for the Administrator had requested that the cause be continued and that he be allowed to appear therein without designating his requested appearance as that of an amicus curiae, it is clear that the Administrator would not be bound by the judgment, since the motion was denied and he was never made a party or placed in position to exercise control over the conduct of the case. Hall v. Main, D.C., 34 F.2d 528, 532, affirmed 7 Cir., 41 F.2d 715; Tutt v. Smith, 201 Iowa 107, 204 N.W. 294, 48 A.L.R. 394, 400; First Nat. Bank v. Duncan, 80 Kan. 196, 101 P. 992, 28 L.R.A.,N.S. 327, 18 Ann.Cas. 78; A.L.I. Restatement, Judgments, § 59, p. 237. And the fact that he may have had the right to intervene in the state proceeding is immaterial, since he did not in fact intervene or in any way make himself a party thereto. 30 Am.Jur. 953; Gratiot County State Bank v. Johnson, 249 U.S. 246, 39 S.Ct. 263, 63 L.Ed. 587; Litchfield v. Crane, 123 U.S. 549, 8 S.Ct. 210, 211, 31 L.Ed. 199. As said in the case last cited, in which a person not a party to a suit nor in privity with a party had interested herself in securing a decision favorable to her interest of questions involved in the suit:

"In the condition of parties to the record during the whole course of the litigation between the homestead company and those who were named as defendants, Mrs. Litchfield had no right to make a defense in her own name, neither could she control the proceedings, nor appeal from the decree. She could not, in her own right, adduce testimony or cross-examine witnesses. * * * She was neither a party to the suit, nor in privity with those who were parties; consequently she was in law a stranger to the proceedings, and in no way bound thereby."

■ And we do not think that the judgment of the state court became binding on the Administrator because of anything that occurred in his application to the Supreme Court of Appeals of West Virginia for a writ of prohibition to the judge of the state court in which the eviction proceedings where pending on the ground that the court had exceeded its jurisdiction. Application was made for the writ of prohibition after the court below had refused the injunction herein; and the writ was denied on procedural grounds. See Brown v. Arnold, W.Va., 26 S.E.2d 238. The Administrator did not by seeking the writ make himself a party to the eviction suit, and nothing done or decided in connection with the application could possibly preclude the Administrator, on any theory of law with which we are familiar, from seeking relief in the suit in the federal court theretofore instituted for injunction and now before us on appeal.

■ With respect to section 265 of the Judicial Code, we do not think that section may properly be construed as forbidding the granting of an injunction to restrain interference by state courts with the enforcement of a federal statute by an agency to which Congress has delegated exclusive power to enforce it. The purpose of that section was to avoid unseemly conflict between the state and federal courts in ordinary litigation between private litigants, not to hamstring the federal government in the use of its own courts in the protection of its rights or the enforcement of its laws. The statute is held to have no application to injunctions issued in in rem actions to protect a res in the possession of the federal courts, although containing no express exception to that effect. Toucey v. New York Life Ins. Co., 314 U.S. 118, 135, 62 S.Ct. 139, 86 L. Ed. 100, 137 A.L.R. 967, and cases there cited. On like principle, it should have no application to injunctions issued to protect property of the federal government or the exercise of power which Congress has delegated exclusively to a federal agency. See United States v. McIntosh, D.C., 57 F. 2d 573. It is a matter of necessity, as well as of constitutional declaration, that the Constitution of the United States and laws passed pursuant thereto be the supreme law of the land; and it was never the intention of Congress, we think, that the power of the federal government to enforce its laws in its own courts should be limited with respect to the use of injunctions. Thus in Hale v. Bimco Trading, Inc., 306 U.S. 375, 59 S.Ct. 526, 83 L.Ed. 771, it was held that the section would not preclude the granting of an injunction to restrain state officers from enforcing an unconstitutional state statute, even though a state court by mandamus might have directed them to enforce it. In National Labor Relations Board v. Sunshine Mining Co., 9 Cir., 125 F.2d 757, it was held not to forbid an injunction to prevent action in state courts which would apply back pay awards made by the National Labor Relations Board to the claims of creditors of the employees to whom the awards had been made. In Miller v. Climax Molybdenum Co., 10 Cir., 96 F.2d 254, 260, it was held not to apply to injunctions restraining interference under state court orders with property of a railroad in violation of orders of the Interstate Commerce Commission. In the case of In re Securities and Exchange Comm., D.C., 48 F.Supp. 716, it was held not to apply to an injunction restraining insolvency proceedings in a state court where liquidation had been ordered by the Securities and Exchange Com'n under the federal statute.

■ Congress, in exercise of the war power conferred upon it by the Constitution, has enacted the Emergency Rent Control Act and has charged the Administrator with enforcement of its provisions. In sec. 205(a), 50 U.S.C.A.Appendix § 925(a), it has provided injunction as a means of enforcement; and it could hardly have been intended that injunction against one about to engage in practices violative of the act should be denied because such practices were authorized by orders of a state court. The act is a war measure and must be enforced with promptitude. If the Administrator were denied injunctive relief from threatened violation because of the pendency of state court proceedings and were required to intervene in such proceedings for relief, resulting delays might well render the act nugatory in states not in sympathy with the legislation. The federal government is not so impotent that it must depend upon instrumentalities of the states for the enforcement of legislation so vital; and it is not to be presumed that a general statute limiting the power of federal courts to issue injunctions was intended to apply to such cases. In any event, the provision of the Emergency Rental Control Act should be construed as modifying or creating an exception to the general provisions

of the statute. This was the holding of the Circuit Court of Appeals of the 5th Circuit in the recent case of Henderson, Adm'r v. Fleckinger et al., 5 Cir., 136 F.2d 381, where the court, speaking through Judge Sibley, said: "Section 265 of the Judicial Code forbidding the grant of an injunction by a court of the United States to stay proceedings in a state court must be considered as modified by the later provision of Section 205(a) of the Emergency Price Control Act. This latter Act formulated important federal policies, and charged the Administrator with executing them, and armed him with injunction as his main weapon. We do not think it was intended that his use of it is to be denied because a proceeding in a State court is contravening the federal policies. The federal Act, assuming its constitutionality, is a part of the supreme law of the land, and the courts ought to carry it out fully, using the injunctive process it prescribes."

The contention is made that the provisions of the Emergency Rent Control Act and regulations issued thereunder are unconstitutional in so far as they deny to the landlord the right to fix the rental of his property or to resort to the courts of his state for the eviction of a tenant occupying same. Assuming, since the jurisdiction of the court to enforce the statute is invoked, that we have jurisdiction to pass on this question notwithstanding the provisions of 204(d) of the act, 50 U.S.C.A.Appendix, § 924(d) (cf. Lockerty v. Phillips, 63 S.Ct. 1019, 87 L.Ed. ——), we entertain no doubt as to the constitutionality of the statute and the regulations framed thereunder, against the objections here raised. They represent an exercise of the war power on the part of Congress, a power which has been defined by the Supreme Court as the "power to wage war successfully", and one which "permits the harnessing of the entire energies of the people in a supreme co-operative effort to preserve the nation". Home Building & Loan Association v. Blaisdell, 290 U.S. 398, 426, 54 S.Ct. 231, 235, 78 L.Ed. 413, 88 A.L.R. 1481. "The Congress and the President exert the war power of the nation, and they have wide discretion as to the means to be employed successfully to carry on." Highland v. Russell Car & Snowplow Co., 279 U.S. 253, 262, 49 S.Ct. 314, 316, 73 L.Ed. 688. The war powers of the government "include not only those matters specifically stated, but all others reasonably implied as necessary to the execution of the main matter of waging war to a successful conclusion. These powers are not limited to battle on land and sea, in the air and under the waters. They inherently carry with them subsidiary faculties to deal comprehensively with all exigencies created by war or arising from its inception, progress and termination." Lajoie v. Milliken, 242 Mass. 508, 136 N.E. 419, 423.

Legislation controlling rents and prices and protecting the country against the evils of inflation, so frequently attendant upon wars, is clearly within the ambit of the war powers conferred upon Congress. As was well said by Judge Phillips holding the act here involved to be constitutional: "That rent control is necessary to the effective prosecution of the war effort is not open to doubt. It is necessary in order to prevent the disastrous effects of inflation, to protect the families of men in the armed service, to attract workers to vital defense areas, to bring about a fair distribution of essential labor among the several defense areas, and to insure defense workers of housing accommodations at rentals that are not exorbitant. In short, it is necessary to maintain civilian morale and insure the production of necessary armaments." Henderson v. Kimmel, D.C., 47 F.Supp. 635, 642. See, also, Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165, and Highland v. Russell Car & Snowplow Co., supra.

For reasons well stated by Judge Phillips in Henderson v. Kimmel, supra, the act may not be condemned as an unconstitutional delegation of legislative power; and that Congress may provide that legislation enacted pursuant to the war power shall be enforced by agencies created to enforce it, without interference from state authorities, is too clear for argument.

For the reasons stated, the order dismissing the suit will be reversed and the cause will be remanded to the District Court for further proceedings not inconsistent herewith.

Reversed and remanded.

NORTHCOTT, Circuit Judge, dissents.