BOWLES, Adm'r, OPA, v. HAYES et al.
No. 9122.

Circuit Court of Appeals, Third Circuit.
Argued March 4, 1946.
Decided April 17, 1946.

Albert M. Dreyer, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, Milton Klein, Director Litigation Div., and David London, Chief Appellate Branch, all of Washington, D. C., Howard L. Fussell, Enforcement Atty., of Wilmington, Del., and Kenneth V. Fisher, Regional Litigation Atty., of New York City, on the brief), for appellant.

H. Albert Young, of Wilmington, Del., for appellees.

Before BIGGS, MARIS and O'CONNELL, Circuit Judges.

BIGGS, Circuit Judge.

Suit was filed in the court below by the Administrator of the Office of Price Administration to restrain the defendants from prosecuting a tenant for criminal trespass under the provisions of Section 5234, Revised Code of Delaware of 1935.[1] The complaint alleges in substance that the crim-

[1] The pertinent portion of the statute follows: "Whoever shall wilfully enter into, upon, or trespass upon the ways, lands or premises of another in this State, shall be guilty of a nuisance. Any constable or other conservator of the peace, the owner or occupier of such ways, lands or premises, his agent or employee, or any other person or persons whom he, or any of them may call to their or his assistance, shall have authority to arrest such offender, either with or without warrant, either upon the premises, or in immediate flight therefrom, and if with warrant, then at any place, and take him before a justice of the peace, or Municipal Court of a city, in the County where the offense is committed; such justice of the peace or Municipal Court is hereby authorized to hear and determine every such case in a summary manner, and if he shall find such person guilty of the charge, shall, for each offense, impose a fine of not more than five dollars and costs. The person so found guilty may also be held in recognizance with good security to keep the peace, and not to trespass for

inal prosecution is in reality an attempted eviction of the tenant in violation of the Maximum Rent Regulation for Housing (8 F.R. 7328), particularly Section 1388.-1181 and Section 6 thereof, promulgated under the Emergency Price Control Act of 1942, 50 U.S.C.A.App. § 901 et seq. The point raised is novel. The facts follow.

In 1937 one of the defendants, Mrs. Hayes, rented an apartment in Dover, Delaware, to David or his mother. Mrs. David occupied the apartment until her death in December, 1945. Thereafter, it was occupied by David. After Mrs. David's death, Mrs. Hayes demanded possession of the premises. David refused to quit them. On or about January 2, 1946, Mrs. Hayes appeared before the defendant, Burton, a Justice of the Peace of Kent County, Delaware, and made an affidavit in the usual form alleging that David was a wilful trespasser. Magistrate Burton issued a warrant to his constable, the defendant Knight. David was arrested and was confined in jail for a week because of his inability to raise bail. Thereafter, having made bail, he was released. The complaint filed in the court below alleges that the charges against David were withdrawn, asserting, however, that the defendants " * * * threaten to again arrest * * * David as an alleged trespasser * * *". Actually, as appears from the evidence the criminal prosecution has been held in abeyance by the defendants pending the disposition of the case at bar. The complaint prays for preliminary and permanent injunctions to restrain the defendants from prosecuting David.

The defendants filed an answer in substance admitting the allegations of the complaint. They asserted also that the court below was without jurisdiction to proceed in the cause. It was stipulated that the case be heard as if on final hearing.

At the hearing before the District Court Mrs. Hayes' Dover counsel testified that he stated to David, "We will give you one week to get out, or else we will do some-thing about it", and that "All we were interested in was getting him [David] out of that property as a trespasser."

In the court below Mrs. Hayes contended that David's mother was the tenant and that David was not; that the relation of landlord and tenant did not exist between herself and David. There was some evidence that David's mother, if she was the tenant, was in arrears for at least one month's rent, viz., that for December, 1945. There was also testimony to the effect that David had paid all rent due and that he was the tenant or a subtenant of Mrs. Hayes at the time of the criminal prosecution. The court below made no findings in respect to these questions of fact and it is not within our jurisdiction to resolve them. The learned District Judge, citing Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 882, 87 L.Ed. 1324, pointed to the familiar rule that courts of equity ordinarily will not restrain a criminal proceeding unless there be a showing of danger of irreparable injury "both great and immediate". He concluded that no evidence was adduced tending to show such danger and denied the Administrator's motion for an injunction. The Administrator has appealed.

We must determine, therefore, the naked question whether the Administrator may restrain a criminal prosecution in a state tribunal, the criminal proceeding clearly being designed to serve in lieu of a civil action for ejectment.

Section 4(a) of the Emergency Price Control Act of 1942 provides, "It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person * * * to do or omit to do any act, in violation of any regulation or order under section 2 * * *." Section 205(a) of the Act states: "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a

---

one year, in the penal sum of one hundred dollars. If the fine and costs are not paid, or recognizance not given when recognizance is required, the justice or Municipal Court shall commit such offender to the County prison or work-house, for a term not exceeding thirty days. All prosecutions, proceedings and costs, where not herein otherwise directed, shall be the same as in other criminal cases before such justices of the peace and Municipal Court."

violation of any provision of section 4 * * *, he may make application to the appropriate court for an order enjoining such acts or practices, * * * and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." Section 205(c) provides, "The district court shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act."

Section 6(a) of the pertinent Rent Regulation states: "So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto * * *". There follow immediately certain exceptions not here pertinent. Paragraph (b) of the section provides that no tenant shall be removed or evicted, other than as stated in the exceptions not here pertinent, unless the Administrator has issued a certificate (commonly called a "certificate of eviction") certifying that the landlord may pursue his remedies against the tenant "in accordance with the requirements of the local law". It is clear that no such certificate was issued by the Administrator to Mrs. Hayes.

The language of Section 6(a) of the Regulation, hereinbefore quoted, " * * * no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, * * * " requires consideration. Actions by a landlord to evict a tenant or to recover possession of demised premises, ordinarily at least, are civil actions. Exclusion from possession usually occurs when a landlord locks the doors of the premises and thus keeps the tenant out. Exclusion from possession is a kind of self-help which the landlord may employ without seeking the aid of a court. It follows that it was not the intent of the framers of the regulation to limit its prohibitions to civil actions brought by a landlord against a tenant. The meaning of the phrase, "or otherwise", should not be restricted by the doctrine ejusdem generis to civil actions brought by a landlord to eject a tenant or to self-help by a landlord to exclude a tenant from demised premises. The prohibition of the regulation was intended to extend to any act committed by the landlord, whether in the courts or outside of the courts, looking to the eviction of the tenant.

The Act is remedial. Its legislative history clearly indicates this.[2] It was the intention of Congress to vest in the Administrator a broad authority to proceed in the district courts of the United States or in state tribunals of concurrent jurisdiction to enjoin "such acts or practices" as might interfere with the administration of the Act. See subparagraphs (a) and (c) of Section 205. Congress empowered the Administrator to procure injunctions against "such acts or practices" by a landlord as would violate the statute or the regulations. Evicting a tenant, unless the landlord possesses the certificate hereinbefore referred to, is such an act or practice. It follows that if a landlord prosecutes his tenant for crimin-

---

[2] See 77th Congress, 2nd Session, Senate Report No. 931, p. 10, to accompany H.R. 5990. The Report in explaining the purpose of Section 205(a) of the Act states in pertinent part:

"Suits to enjoin violations.—In common with substantially all regulatory statutes, the bill authorizes the official charged with the duty of administering the act to apply to any appropriate court, State or Federal, for an order enjoining any person who has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of the bill. Such courts are given jurisdiction to issue whatever order to enforce compliance is proper in the circumstances of each particular case."

al trespass in order to evict him and to regain possession of the demised premises, the landlord's act is such as falls within the prohibition of the statute and the regulation. It is clear, therefore, that the court below possesses the power to enjoin the defendants from the criminal prosecution of David.

As the court below pointed out, Mr. Chief Justice Stone stated in Douglas v. City of Jeannette that to justify an injunction to stay a criminal proceeding the danger of injury to the complainant must be "both great and immediate". But in the Jeannette case the suit to enjoin the criminal proceeding was brought by the private individuals who were threatened thereby. The Supreme Court pointed out that these persons could assert their defenses in the state tribunals and that it would be assumed that the state courts would have due regard for the defendants' constitutional rights; that if the defendants' rights were disregarded the decisions of the state courts were subject to review by the Supreme Court. David cannot assert as a defense to the charge of wilful trespass the provisions of the Emergency Price Control Act or the regulation because he, as an individual, has no rights under the Act. All rights under the Act run to the public and the Administrator is their guardian, the official person designated by Congress to enforce the statute. See Parker v. Porter, Price Administrator, Em.App., 154 F.2d 830. The Administrator on the other hand cannot intervene in the criminal proceeding before the magistrate for he has no standing to do so. He must proceed by way of Section 205(a) and (c) if he is to enforce the statute.

The facts of the case at bar are closer to the circumstances of Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892, than to those of the Jeannette case. Mrs. Willingham sued in a Georgia court to restrain the issuance of certain rent orders under the Emergency Price Control Act. In the cited decision Mr. Justice Douglas stated that the exceptions to the application of Section 265 of the Judicial Code, 28 U.S.C.A. § 379, enumerated in Toucey v. New York Life Ins. Co., 314 U.S.

118, 62 S.Ct. 139, 86 L.Ed 100, 137 A.L.R. 967, required an addition, that "There should now be added * * * the exception created by the Emergency Price Control Act of 1942" [321 U.S. 503, 64 S.Ct. 645]; that the rule embodied in Section 265, designed to avoid collision between state and federal authorities, does not come into play in cases growing out of the Emergency Price Control Act of 1942. See also Brown v. Wright, 4 Cir., 137 F.2d 484.

The decision of the Supreme Court in Case, Commissioner, v. Bowles, Administrator, 66 S.Ct. 438, 443, also is suggestive of the result which we should reach in the case at bar. In the cited case the question was whether or not provisions of the Constitution of the State of Washington relating to the sale of certain lands should prevail over the Emergency Price Control Act and a regulation which set a price above which such lands should not be sold. Mr. Justice Black stated: "Where as here, Congress has enacted legislation authorized by its granted powers, and where at the same time, a state has a conflicting law which but for the Congressional Act would be valid, the Constitution marks the course for courts to follow. Article VI provides that 'This Constitution and the Laws of the United States * * * made in Pursuance thereof * * * shall be the supreme Law of the Land * * *.'" The Commissioner of Public Lands of Washington was enjoined from consummating the sales.

We conclude that the basis of the decision of the court below was erroneous and that a District Court of the United States, or a state court of concurrent jurisdiction, should enjoin a criminal proceeding for wilful trespass where as here the proceeding was instituted to evict a tenant in violation of the Emergency Price Control Act. It is a breach of legal discretion not to do so. To hold otherwise would be to emasculate the statute. It should be noted that a civil ejectment action and the criminal proceeding under consideration in effect stand in pari passu. Neither may be proceeded with since either would cause the eviction of the tenant.

██ In the absence of pertinent findings by the court below we cannot determine as a matter of law whether or not David was a tenant or a subtenant within the purview of the regulation or whether there was an arrearage of rent or other circumstances which might afford the benefit of an exception to the landlord under Section 6. If, upon remand, there is found to be no arrearage of rent and Mrs. Hayes may not claim the benefit of an exception, a permanent injunction should issue. Pending the determination of these and all other pertinent issues a preliminary injunction should be granted by the court below.

. The order of the court below is reversed and the cause is remanded with the direction to proceed in accordance with this opinion.