BENTON-BAUXITE HOUSING CO-OP. INC. v. BENTON PLUMBING, INC.

5-1475                                            310 S. W. 2d 483

Opinion delivered March 3, 1958.

*Fred E. Briner,* for appellant.

*Ben M. McCray,* for appellee.

J. SEABORN HOLT, Associate Justice.   Appellee, Benton Plumbing, Inc., brought this suit against appellants alleging that both were Arkansas corporations with their principal place of business in Benton, Arkansas, and sought to recover from appellants $1,218.96 as balance due, together with a lien, for plumbing installations in houses built on, and service connections made to, some 30 lots belonging to appellants.   Appellants answered with a general denial.   Trial resulted in a decree for the amount prayed and a lien for said amount and a judg-

ment *in rem* was declared against the real estate in question. This appeal followed.

For reversal appellants rely on the following points: "1. Service not valid on defendant, Benton-Bauxite Housing Co-op., Inc. 2. No evidence to substantiate finding of court that appellee is entitled to judgment against defendants Benton-Bauxite Housing Co-op., Inc., and Adams and Howard Co., Inc. 3. Appellee not having entered into contract with owner of the property upon which services performed is not entitled to lien. 4. No evidence to substantiate finding of court that two individuals, Wesley Adams and Victor Howard who are not parties to this suit, were owners of the property upon which the services were performed. 5. No evidence that Benton-Bauxite Housing Co-op., Inc. was a subterfuge through which Adams & Howard Co., Inc., and individuals Wesley Adams and Victor Howard intended to defraud appellee."

The record reflects that on August 26, 1954, the following contract was entered into between Benton-Bauxite Housing Co-op., Inc., and appellee, Benton Plumbing, Inc.: "Benton-Bauxite Housing Co-operation, c/o Adams & Howard, Benton, Arkansas Gentlemen: For the sum of twenty thousand two hundred fifty dollars ($20,-250.00) we propose to furnish the labor and material to install the plumbing and gas piping in thirty (30) houses you are to build in the Troutt Addition in Benton, Arkansas. This bid includes the following: (description of installations and services) . . . This bid includes gas piping for kitchen, bath, water heater and floor furnace, also connecting and vent floor furnace, but bid does

not include furnishing floor furnace. Terms: 90 per cent estimate on first of each month.

"Bid accepted: ....................................
Date
Benton-Bauxite Housing Co-op.
/s/ Wesley Adams, Pres.

Very truly yours,
Benton Plumbing, Inc.
/s/ M. W. Rommel
Pres."

The following findings by the trial court, we think, are supported by the preponderance of the testimony. "That on August 26, 1954, as alleged in Paragraph 2 of the complaint, Wesley Adams, purporting to be the president of Benton-Bauxite Housing Co-op., Inc., entered into a written agreement with the plaintiff for the plumbing on thirty houses in Troutt Addition to the City of Benton, Arkansas, for the sum of $20,250.00, and that the said plaintiff had also in the past done similar work in said addition for the defendant, Adams & Howard Company, Inc., the incorporators of whom were Wesley Adams and Victor Howard, who also carried on certain similar operations in said addition under an incorporation known as Parkwood Homes, Inc., and that the same persons, Wesley Adams and Victor Howard, were the owners, at all times mentioned in the complaint, of the lots described in the complaint filed herein upon which the plaintiff under the written contract signed by Wesley Adams as President of Benton-Bauxite Housing Co-op., Inc., and the oral agreement later entered into between them and plaintiff, performed the plumbing services mentioned in the complaint of the plaintiff.

"The court further finds that Benton-Bauxite Housing Co-op., Inc., was a proposed dummy corporation and never did actually come into existence but was a subterfuge through which Adams & Howard Company, Inc., and Wesley Adams and Victor Howard personally intended to defraud the plaintiff and defeat his lien for serv-

ices performed upon the lots described in the complaint under the contracts mentioned therein, and that thereafter Adams & Howard Company, Inc., was dissolved and the assets of said corporation including the lots herein described, became the individual property of Wesley Adams and Victor Howard, subject to the lien of the plaintiff herein for services performed under contract with the purported corporation Benton-Bauxite Housing Co-op., Inc., and that as proposed President of such corporation the said Wesley Adams had (was) authorized to bind the stockholders of such proposed corporation and therefore to create a lien upon the lands herein described.

"That the plaintiff, acting in good faith under the terms of said contracts and without having knowledge of any intent to defraud it or of the manipulations of the owners of said lands mentioned in the complaint, rendered the plumbing services described in said complaint to each of the lots under authority from the defendant corporations, and by reason thereof held an absolute lien thereon for labor done and materials furnished under said contract at the time of the filing of the complaint, and which lien should be declared a lien against each and every lot described in the complaint of plaintiff, and that they should have judgment against the defendant corporations in the sum of $1,218.96, which judgment should be declared a lien against said lands and a judgment *in rem* against said lands, and the same should be foreclosed, and unless said judgment be paid within thirty (30) days said lands should be sold to satisfy said judgment."

While it appears that appellant, Benton-Bauxite Housing Co-op., Inc., had failed to take all necessary steps to incorporate (Sec. 64-103 Ark. Stats. 1947), it and its incorporations had certainly held it out as a corporation, accepted the benefits of its contract above with appellee and it and its incorporators are, therefore, bound by its terms whether its corporate status had been completed or not; and, further are estopped, as we shall presently point out.

As indicated, the chancellor found, and we think correctly so, that Wesley Adams and Victor Howard were, in effect, joint owners of the lands in question, and while neither was made a party individually to this suit Adams, by signing the above contract as president of a nonexistent corporation, thus inducing appellee to perform plumbing services on property which he and Howard jointly owned thereby increasing its value to their benefit, he, (Adams) was acting in privity with Howard and both are estopped to question the judgment here. The rule announced in *Collum* v. *Hervey,* 176 Ark. 714, 3 S. W. 2d 993, applies with equal force here: ''But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties and claim under them or in privity with them are equally included by the same proceedings . . . The ground therefore upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party, is that they are identified with him in interest; and whenever this identity is found to exist, all are alike concluded. Hence all privies, either in estate, in blood, or in law, are estopped from litigating that which is conclusive on him with whom they are in privity. *Litchfield* v. *Goodnose,* 123 U. S. 549, 8 S. Ct. 210, 31 L. Ed. 199 . . . As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property, and it is classified as privity in estate, privity in blood, and privity in law, in all of which kinds there must be an identity of interest. A privy in estate is one who derives title to property from another. He comes in by succession to property by contract or law. To make one person a privy in estate to another, that other must be predecessor in respect to the property in question, from whom the privy derives his right or title. Examples of this class of privies are joint tenants, donor and donee, lessor and lessee, and successors in office. Privies in representation are illustrated by executor and testator, administrator and intestate. 15 R. C. L. 1015.''

Other points raised by appellants have been carefully considered and all found to be without merit. Affirmed.