■ CITY WIDE TRANSPORTATION CO., INC., et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, defendants appeal from so much of an order of the Supreme Court, Kings County, entered May 28, 1975, as (1) denied their motion (a) to dismiss the complaint of the plaintiff bank, (b) to strike the affirmative defenses set forth in that plaintiff's reply to the counterclaim and (c) for summary judgment on the counterclaim and (2) granted the bank's cross motion for summary judgment. Order modified, on the law, by deleting therefrom the provisions granting summary judgment to the plaintiff bank and substituting therefor provisions that the bank's cross motion for summary judgment is denied. As so modified, order affirmed insofar as appealed from, without costs or disbursements. There exist issues of fact as to whether there was indeed a default under the contract, as well as to the assessment of liquidated damages. The bank cannot be bound by the adjudication of the board of review since it was not a party to the proceedings. " 'Under the term *parties,* in this connection, the law includes all who are directly interested in the subject matter, and had a right to make defence, or to control the proceedings, and to appeal from the judgment. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as *strangers* to the cause' " (*Litchfield v Goodnow,* 123 US 549, 551 [emphasis in original]). Moreover, it is conceded by appellants that the hearing and decision of the board of education did not affect the bank's rights as assignee of the proceeds of the contract. According to Commissioner Nyquist, the "only purpose of the hearing was to give City Wide Transportation Company a chance to explain its breach of contract." However, since the board was aware that the bank, by reason of the assignment which it had approved, had a strong economic interest in the outcome of the hearing, it should have provided the bank with notice of the hearing (see *Matter of Hecht v Monaghan,* 307 NY 461, 470; *Goldberg v Kelly,* 397 US 254). It is obvious the bank was not given such notice as would be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Trust Co.,* 339 US 306, 314). Thus, its rights have not been adequately protected. Hopkins, J. P., Margett, Shapiro and Suozzi, JJ., concur.