782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARLENE SHERMAN, Plaintiff-Appellant
v.
CHARTER TOWNSHIP OF DELHI, A MICHIGAN MUNICIPAL CORPORATION;
BILLI DOWELL, SUPERVISOR; PAUL GOULET, DAVID SANDERSON,
HARRY AMON AND WENDAL COREY, TRUSTEES; ELIZABETH AUGERSTEIN,
TREASURER, Defendants-Appellees.
 81-1354
 United States Court of Appeals, Sixth Circuit.
 12/16/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT and JONES, Circuit Judges.
 
 
 1
 This present matter is before the Court upon consideration of appellant's appeal from the district court's judgment dismissing her civil rights complaint. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the documents filed on appeal, including the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a civil rights complaint in the district court under 42 U.S.C. Sec. 1983 and Sec. 1985 against the Charter Township of Delhi, Michigan, named officials and an engineering firm alleging a wrongful tax assessment, which in effect, deprived her of her property without due process. The complaint, with the exception of a constitutional claim of conspiracy, was factually identical to an action brought by appellant's mother in the Michigan Tax Tribunal over the same tax assessment and the same property prior to appellant's ownership of the property by inheritance. Therefore, the district court dismissed the action on February 20, 1981. The court held that appellant's claim was barred by res judicata. Appellant moved to vacate the decision by filing a post-judgment motion on March 12, 1981. The motion was denied on April 16, 1981. Appellant appealed to this Court from both the February 20, 1981 and April 16, 1981 judgments contending that she was not bound by the Michigan court's decision in the prior action.
 
 
 3
 Appellant's post-judgment motion was not served within ten days of the district court's February 20, 1981 entry of final judgment. Rule 59(e), Fed.R.Civ.P. Hence, the time for taking an appeal from the February 20, 1981 judgment was not tolled and appellant's appeal from that judgment was untimely filed. Rule 4(a)(1), Federal Rules of Appellate Procedure. Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). However, appellant timely appealed from the district court's April 16, 1981 judgment. This Court's review, therefore, is limited to whether the district court's denial of appellant's Rule 60(b), Federal Rules of Civil Procedure motion to vacate the judgment was an abuse of discretion. Union Oil Co. of Cal. v. Service Oil Co., Inc., 766 F.2d 224 (6th Cir. 1985); Winds or v. United States Department of Justice, 740 F.2d 6 (6th Cir. 1984).
 
 
 4
 Upon consideration of the certified record, this Court finds that the district court properly exercised its discretion in denying appellant's motion to vacate. The issues presented in appellant's complaint in the district court constitute the same issues which were presented to and resolved in the action before the Michigan courts. Appellant was privy in that action. Federated Department Stores, Inc. v. Mortie, 452 U.S. 394 (1981); Litchfield v. Goodnow, 123 U.S. 549 (1887). Hence, appellant's 42 U.S.C. Sec. 1983 claim cannot serve as a guise for relitigation of the issues in a federal forum. Litchfield, supra; Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6th Cir. 1970).
 
 
 5
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.